James Calvin HARRIS
*v.* STATE of Arkansas

CR 84-190                                      686 S.W.2d 440

Supreme Court of Arkansas
Opinion delivered April 1, 1985

*John F. Gibson, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Sandra Tucker Partridge,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant was convicted of DWI, first offense. He asked the court to suspend his sentence or put him on probation so he would not have to attend an alcohol

treatment or education program required by Ark. Stat. Ann. § 75-2509 (Supp. 1983). The court refused his request, finding it was without authority to grant it in view of the mandatory nature of the statute. Our jurisdiction arises from Arkansas Supreme Court and Court of Appeals Rule 29. 1. c.

The appellant recognizes that our decision in *Lovell* v. *State of Arkansas*, 283 Ark. 425, 678 S.W.2d 318 (1984), makes it clear that the word "shall" as used in Act 549 of 1983 makes its provisions mandatory and that we held in the *Lovell* case that trial courts have no discretion to use alternatives of probation or suspension pursuant to Chapter 12 of Title 41 of Arkansas Statutes Annotated as they may with respect to many other offenses. The appellant asks us to reconsider our ruling in the *Lovell* case, but he gives us no reason to do so other than the tradition in our courts of granting probation and suspension and the fact that Act 549 does not specifically say that the sentencing alternatives of Ark. Stat. Ann. § 41-1201 (Repl. 1977) may not be used.

In view of the specificity of the Act, cited in the *Lovell* case and re-emphasized in the opinion denying rehearing in that case, we decline to overrule our previous decision.

Affirmed.