Charles H. THARP *v.* STATE of Arkansas

CR 87-127                                    745 S.W.2d 612

Supreme Court of Arkansas
Opinion delivered February 29, 1988

*Witt Law Firm, P.C.*, by: *R. Kevin Barham*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. A jury convicted the appellant of driving while intoxicated, and the judge, rather than the jury,

fixed the sentence. The appellant contends that the trial court erred in refusing to permit the jury to fix punishment and in rejecting a jury instruction on this issue. The argument has merit and, accordingly, we reverse and remand.

The appellant argues that he has both a constitutional and a statutory right to have a jury fix his punishment. We find that although the right asserted is not guaranteed by our constitution, it is provided by statute.

■ The appellant's constitutional argument is based on the Constitution of Arkansas, art. 2, §§ 7, 10, and 22. We have already held that these very provisions are not to be interpreted to prevent a court from fixing punishment in certain cases. *Froman v. State*, 232 Ark. 697, 339 S.W.2d 601 (1960).

As a basis for his statutory argument, the appellant cites Ark. Stat. Ann. § 43-2145 (Repl. 1977) [now codified with minor stylistic changes at Ark. Code Ann. § 16-89-126(c) (1987)], which provides, "A general verdict is either 'guilty,' or 'not guilty;' if guilty, the jury affixing the punishment, if the amount thereof is not determined by law." The appellant also cites Ark. Stat. Ann. § 41-802 (Repl. 1977) [now codified with minor stylistic changes at Ark. Code Ann. § 5-4-103 (1987)], which provides as follows:

(1) If a defendant is found guilty of an offense by a jury, the jury shall fix punishment as authorized by this Article [§§ 41-801—41-1309].

(2) Except as provided by Chapter 13 [§§ 41-1303—41-1309], the court shall fix punishment as authorized by this Article in any case where:

(a) the defendant pleads guilty to an offense; or

(b) the defendant's guilt is tried by the court; or

(c) the jury fails to agree on punishment; or

(d) the prosecution and the defense agree that the court may fix punishment.

■ We hold that under these statutes the appellant was entitled to have a jury fix his sentence and that his proffered jury instruction to this effect should have been given.

■■ The State's response to appellant's arguments on this point are unconvincing. First, the State responds that the jury instruction was erroneous because the jury cannot suspend a driver's license, citing Ark. Stat. Ann. § 75-2511 (Supp. 1985) [now codified with minor stylistic changes at Ark. Code Ann. § 5-65-104 (1987)], which provides, "[T]he court shall transmit the operator's license to the Office of Driver Services and shall instruct the Office of Driver Services to suspend or revoke such person's motor vehicle operator's license. . . ." However, this statute does not take the power of license suspension from the jury; rather, it only directs the court to perform certain acts in executing the sentence. Second, the State argues that the D.W.I. laws imply that the court is to fix sentence in Ark. Stat. Ann. § 75-2506 (Supp. 1985) [now codified with minor stylistic changes at Ark. Code Ann. § 5-65-109 (1987)], which provides as follows:

Upon finding of guilt or a plea of guilty or nolo contendere for violating Section 3 [§ 75-2503] of the Act, the Court shall immediately request and the Highway Safety Program or its designee shall provide a presentence screening and assessment report of the defendant. The presentence report shall be provided within thrity [thirty] (30) days of the request, and the court shall not pronounce sentence until receipt of the presentence report. The report shall include but not be limited to the offender's driving record, alcohol related criminal record, an alcohol problem assesment [assessment], and a victim impact statement where applicable.

The State contends that if the jury fixes the sentence, then the presentence report requirement would be meaningless. This does not necessarily follow. There are situations when the report still will be of value, as when the court fixes the sentence under one of the exceptions of § 41-802(2).

■ The appellant next questions the propriety of the admission into evidence of his breathalyzer results. Since this issue will arise again on remand, we will address it. Under Ark. Stat. Ann. § 75-1045(c)(1) (Supp. 1985) [now codified with minor stylistic changes at Ark. Code Ann. § 5-65-204(c) (1987)], breath tests for alcohol content must be performed according to methods approved by the state Department of Health. The

applicable regulations provide that a Breathalyzer 2000, the type used here, must be calibrated "at least once within twenty-four hours either before or after any subject test using a standard solution in an approved breath simulator device." Ark. Dep't of Health, *Arkansas Regulations for Blood Alcohol Testing* § 4.50 (2d rev. 1984). At trial, evidence was adduced that the closest calibration of the breathalyzer was only within twenty-four hours twelve minutes. This Court has "held repeatedly that only substantial compliance with health department regulations is required." *Marx* v. *State*, 291 Ark. 325, 334, 724 S.W.2d 456, 461 (1987). Under the facts of this case, to say that performing the test within twelve minutes of the time limit does not qualify would be to do away with the substantial compliance doctrine. Therefore, we hold that admission of the test was proper.

Reversed and remanded.

HICKMAN, J., dissents.