Ronnie D. MULANAX *v*. STATE of Arkansas

CR 89-159                                        783 S.W.2d 851

Supreme Court of Arkansas
Opinion delivered February 12, 1990
[Rehearing denied March 12, 1990.*]

*Denny Hyslip*, Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen.,

---

*Price, J., not participating.

for appellee.

DAVID NEWBERN, Justice. The appellant, Ronnie D. Mulanax, appeals from a conviction of first degree murder. He contends the court erred in failing to grant a continuance needed for the production of two witnesses and that the trial court improperly failed to exercise discretion in pronouncing sentence. We hold the denial of the continuance was proper because Mulanax waited too late to ask for it. We hold it was not error for the court to follow the jury's sentencing recommendation. The judgment is affirmed.

## *1. Continuance*

Mulanax contended he needed the testimony of Mark Mitchell because Mitchell had called police to say he knew of earlier hostility between the victim and Mulanax arising from the victim's earlier attempt to collect a gambling debt from Mulanax. He contended he needed the testimony of Jimmy Baker because Baker had been an eye witness to the fatal altercation between Mulanax and the victim and that Baker had told an investigator that the victim had appeared to have a weapon of some sort in his hand.

The trial was scheduled for January 26, 1989. Baker's statement was taken on September 15, 1988, and the call from Mitchell was logged on September 10, 1988. The first subpoenas for these witnesses were delivered to the sheriff's office January 19, 1989, and the sheriff was thereafter unable to find the witnesses. The court denied the continuance and stated that Mitchell's testimony would be irrelevant because in his phone call he had not even been certain that Mulanax and the victim were the people involved in the incident he observed. With respect to Baker, the court noted that the case had been set for trial for four or five months and there was no assurance that Baker would ever be located and brought in as a witness.

Denial of a continuance will not serve as the basis of reversal in the absence of a showing of a clear abuse of discretion. *David v. State*, 295 Ark. 131, 748 S.W.2d 117 (1988). Likelihood of obtaining a witness and diligence in seeking a witness are both proper considerations. *Kelly v. State*, 261 Ark. 31, 545 S.W.2d 919 (1977). We find no abuse of discretion.

## 2. Sentencing

Mulanax asked the court for mercy. The court sentenced him to 40 years imprisonment, stating that it would be presumptuous to fail to follow the jury's sentence unless it was "way off." Mulanax contends it was error for the court to fail to exercise discretion, citing *Wing* v. *State*, 286 Ark. 494, 696 S.W.2d 311 (1985). In the *Wing* case, we held that a court must exercise discretion in deciding whether sentences will be served concurrently or consecutively. That was not the issue here.

■ It is the responsibility of a jury which has found one guilty of an offense to fix the punishment as authorized by law. Ark. Code Ann. § 5-4-103(a) (1987). Subsection (b) of the same statute contains exceptions to the rule, none of which are alleged to apply in this case. See *Tharp* v. *State*, 294 Ark. 615, 745 S.W.2d 612 (1988), where we referred to the exceptions in our opinion, pointing out that, because of the exceptions, the rule and statute concerning presentence reports are not obviated by the basic jury sentencing subsection. It was not error for the court to impose the sentence declared by the jury.

Affirmed.