The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 71701
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 May the provisions of Arkansas Code Ann. 16-90-115 be applied in cases filed under the provisions of Arkansas Code Ann. 5-65-101 and following?
In my opinion, the answer to this question is "no" with regard to subsections (a) and (b) of A.C.A.16-90-115. A simple "yes" or "no" is not possible, however, with regard to 16-90-115(c). Your question requires a review of each of these subsections.
Arkansas Code of 1987 Annotated 16-90-115 states as follows:
 (a)(1) In all instances where courts have the authority to suspend the imposition of sentences or otherwise grant suspensions, the courts may also suspend execution of sentences under the same circumstances.
 (2) Suspension of execution of sentence means the procedure whereby a defendant who pleads guilty to, or is found guilty of, a criminal offense is released by the court after pronouncement of sentence.
 (b) All courts of record in this state shall have the authority to suspend the execution of sentences, or the imposition of fines, or both, in all criminal cases pending before the courts, unless specifically prohibited by law.
 (c) At any time before a court has entered a judgment of conviction against a criminal defendant, the court may dismiss the case, and, in that instance, any fine imposed against the defendant shall be considered a civil penalty.
It must be initially noted, with regard to subsection (a) above, that according to the Arkansas Supreme Court, there is no authority to suspend sentences under A.C.A. 5-65-101 et seq. (Omnibus DWI Act), since the sentencing provisions of that act are mandatory. Lovell v. State,283 Ark. 425, 434, 678 S.W.2d 318 (1984); see also Harris v. State, 285 Ark. 345, 686 S.W.2d 440
(1985). The court in Lovell and Harris, in cases involving DWI convictions, refused to apply the general provisions for suspended imposition of sentence or probation under A.C.A. 5-4-301, in light of the specific mandatory language of A.C.A.5-65-111 and 5-65-112. These Code sections mandate, respectively, imprisonment (except for a first offense, where public service may be ordered in lieu of jail) and fines for persons who plead guilty, nolo contendere, or are found guilty of violating the Omnibus DWI Act (specifically, A.C.A.5-65-103).
This lack of authority to suspend the imposition of sentences under the Omnibus DWI Act compels the conclusion that subsection (a) of 16-90-115, which conditions the authority to suspend execution upon the authority to suspend imposition of sentence, may not be applied in cases filed under A.C.A.5-65-101 et seq.
With regard to subsection (b) of A.C.A. 16-90-115, it is my opinion that this general authority for suspending the execution of sentences does not apply to cases filed under the specific provisions of A.C.A. 5-65-101 et seq. The legislative history of 16-90-115 may offer some guidance in this regard. A review of this history, and pertinent case law, indicate that 16-90-115 was enacted by the legislature in order to revive the former practice of suspending the execution of sentences. See Smith v. State, 18 Ark. App. 152, 160 n. 2, 713 S.W.2d 241
(1986). (The Arkansas Supreme Court had previously ruled that the former provision for suspended execution of sentences was impliedly repealed by the adoption of the Criminal Code. Culpepper v. State, 268 Ark. 263, 595 S.W.2d 220 (1980)). I do not believe that this provision should be read as affecting the mandatory requirements under the Omnibus DWI Act.
The definition of "suspension of execution of sentence" under 16-90-115 (a)(2) is particularly significant in this regard. It is apparent from this definition that this procedure involves the release, following pronouncement of sentence, of one who pleads guilty or is found guilty. This procedure would appear to be contrary to the provisions of the Omnibus DWI Act which impose a mandatory sentence upon a plea of guilty, nolo contendere, or a finding of guilt. Although A.C.A.16-90-115, which is the codification of Act 956 of 1989, was enacted after the Omnibus DWI Act (Act 549 of 1983), it must be recognized that the DWI Act is a special act governing a particular subject. As such, it may be successfully contended that it will apply instead of the general provisions of 16-90-115. See, e.g., Brown Root, Inc. v. Hempstead County Sand Gravel, Inc.,767 F.2d 464 (8th Cir. 1985); see also Lovell v. State, supra. A contrary argument would have to be premised upon the implied repeal or amendment of the mandatory imprisonment and fine provisions of the DWI Act. (A.C.A. 5-65-111 5-65-112). However, neither repeals nor amendments by implication are favored in construing statutes. Cummins v. Washington County Election Comm'n,291 Ark. 354, 724 S.W.2d 486 (1987). The implication must, instead, be "clear and irresistible." Davis v. Cox, 268 Ark. 78, 82-83,593 S.W.2d 180 (1980) (citations omitted.) Neither the language nor the legislative history of16-90-115, in my opinion, reflects a clear and irresistible implication that the suspension of execution of sentences was thereby authorized in cases filed under the Omnibus DWI Act.
With regard to subsection (c) of A.C.A. 16-90-115, it may reasonably be concluded that this provision is properly applied in cases filed under A.C.A.5-65-101 et seq. when there has been no guilty plea, plea of nolo contendere, or finding of guilt. Where a person pleads guilty, nolo contendere, or is found guilty, however, the sentencing provisions of the Omnibus DWI Act must, in my opinion, be applied. Dismissal under 16-90-115(c) would not be appropriate in that instance, due to the mandatory nature of the DWI law.
It must be recognized, moreover, that a fine is imposed under the DWI Act following a finding of guilt, or a plea of guilty or nolo contendere. It is therefore my opinion that the "fine" referenced under A.C.A. 16-90-115(c) should not be construed to encompass a fine imposed under A.C.A.5-65-101 et seq. The imposition of punitive measures, (whether in the nature of fines, imprisonment, alcohol treatment, and/or public service work), in cases filed under 5-65-101 et seq. must be premised upon a plea of guilt or nolo contendere or a finding of guilt. See A.C.A.5-65-111 — 5-65-115. We find no statutory authority other than A.C.A. 5-65-101 et seq. imposing these measures. It must therefore be concluded that a case of this type cannot be dismissed, since there was of necessity a finding of guilt or a plea of guilty or nolo contendere. The specific provision of the DWI law would prevail over 16-90-115(c) in that case, precluding dismissal of the case or designation of a fine as a "civil penalty."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb