The Honorable Cecil A. Tedder Circuit Judge, Seventeenth — East Judicial District Wilbur D. Mills Courts Building 301 West Arch Searcy, AR 72143
Dear Judge Tedder:
This is in response to your request for an opinion regarding the role of the presentence screening report in DWI cases involving a jury trial. You have asked several questions in this regard, which are restated and addressed below. An initial discussion of the relevant law is necessary prior to addressing your questions.
The Omnibus DWI Act, A.C.A. § 5-65-101 to -115 (1987) requires a presentence screening report prior to the sentencing of any defendant under the Act. Specifically, the Act provides:
 (a) Upon finding of guilt or a plea of guilty or nolo contendere for violating § 5-65-103, the court shall immediately request and the Arkansas Highway Safety Program or its designee shall provide a presentence screening and assessment report of the defendant.
 (b) The presentence report shall be provided within thirty (30) days of the request, and the court shall not pronounce sentence until receipt of the presentence report.
 (c) The report shall include, but not be limited to, the offender's driving record, alcohol-related criminal record, an alcohol problem assessment, and a victim impact statement where applicable.
A.C.A. § 5-65-109 (1987).
In most DWI proceedings, at the municipal and circuit court level, a bench trial is held and the trial court determines the sentence. The Act's requirement of a presentence screening report appears to contemplate sentence being imposed by the trial court rather than by a jury. This is in accord with the general provision regarding presentence investigation, which states that "if punishment is fixed by the court, the court may order a presentence investigation before imposing sentence." See A.C.A. § 5-4-102(a) (1987). In some DWI appeals to circuit court, however, a jury trial is requested, and the use of the presentence screening report becomes problematic.
In Tharp v. State, 294 Ark. 615, 745 S.W.2d 612 (1988), the defendant's conviction for DWI in municipal court was appealed to circuit court. A jury convicted the defendant, but the trial court determined the sentence. On appeal, the Arkansas Supreme Court recognized the defendant's statutory right to have the jury that makes his guilt determination also fix his punishment,citing A.C.A. § 5-4-103(a) (1987). The state argued that allowing the jury to fix the sentence rendered the presentence report requirement meaningless. The Court disagreed, stating that "there are situations when the report still will be of value, as when the court fixes the sentence under one of the exceptions of [A.C.A. § 5-4-103(b)]." Section 5-4-103(b) sets out the few instances in which the court must fix the sentence rather than the jury.
The Tharp decision brought to light the questionable role of the presentence screening report in jury sentencing. The language used by the court in Tharp indicates that the presentence report would not be used in cases in which the jury imposes the sentence. See also Mulanax v. State, 301 Ark. 321,783 S.W.2d 851 (1990), where the court in discussing the exceptions to jury sentencing under A.C.A. § 5-4-103(b), states that it pointed out in Tharp that because of these exceptions, "the rule and statute concerning presentence reports are not obviated by the basic jury sentencing subsection." While the court's statements in these cases are dicta, they may indicate what the court would hold when squarely faced with the question. In my opinion, the court does not contemplate the presentence screening report actually being used by the jury in sentencing defendants.
Nevertheless, the court has not held that the presentence report requirement can be ignored in cases involving a jury trial. Presumably, in such cases the court could consider the presentence screening report and, if necessary, reduce the sentence fixed by the jury, pursuant to A.C.A. § 16-90-107(e) (1987). Admittedly, the court has little or no discretion with regard to sentencing when a jury imposes the sentence. SeeMulanax v. State, 301 Ark. 321, 783 S.W.2d 851 (1990) andParker v. State, 292 Ark. 421, 731 S.W.2d 756 (1987). Section16-90-107(e) provides, however, that the court shall have the power to reduce the extent or duration of the punishment assessed by a jury if, in the court's opinion, the punishment assessed is greater than it ought to be under the circumstances of the case. This would be similar to the trial court's consideration of mitigating evidence for purposes of probation or suspension of sentence. See Killman v. State, 274 Ark. 422, 625 S.W.2d 489
(1981). In Killman, the trial court refused to allow the defendant to present evidence of mitigation to the jury. The Arkansas Supreme Court upheld the trial court's refusal, stating that questions of mitigation are properly presented to the trial court for consideration with regard to possible probation or suspension of sentence. While the presentence report in DWI cases could not be used to order probation or suspension of sentence because of the mandatory sentencing provisions of the DWI Act,see Lovell v. State, 283 Ark. 425, 678 S.W.2d 318 (1984), andHarris v. State, 285 Ark. 345, 686 S.W.2d 440 (1985), the court could exercise leniency based on the report and reduce a defendant's sentence under § 16-90-107(e).
The court's thoughts regarding the impracticality of actually having the jury consider such a report prior to sentencing are expressed in Ricarte v. State, 290 Ark. 100, 717 S.W.2d 488
(1986). In Ricarte, the trial court denied a defense request that a presentence report be obtained and given to the jury when the issue of punishment was submitted. On appeal, the court upheld the trial court's ruling, stating:
 The statutes do not contemplate that procedure when punishment is to be fixed by the jury, and for good reasons. The report would be a waste of time and money whenever the defendant is acquitted. And when he is found guilty in the first stage of a bifurcated trial, there would be serious practical difficulties in allowing the jury to separate for an indefinite period while the defendant's background was being investigated. The legislature may well have concluded that when a defendant has a record of previous convictions — ten in this instance — the issue of punishment should be submitted on that record alone, without a pre-sentence investigation.
Ricarte, 290 Ark. at 107.
In Ricarte, the court was considering the use of a presentence report in a case in which the defendant was charged as an habitual offender. There is no specific requirement for a presentence screening report in that statute, as there is under the Omnibus DWI Act. The court might react differently when faced with the specific requirement in DWI cases. In Lovell andHarris, supra, both DWI cases, the court refused to apply the general sentencing provisions allowing suspended imposition of sentence or probation, in light of the specific mandatory language regarding sentencing under the DWI Act. The court might likewise reject the general principles regarding presentence investigation in light of the mandatory language of § 5-65-109. Nevertheless, the language of the court on this subject thus far indicates that it does not contemplate a jury considering a presentence report in connection with sentencing.
Applying this interpretation of the court's language, I will proceed to answer your questions. You first ask:
 (1) If the PSSR has not been provided at the time the jury trial is conducted, can the trial judge proceed to impose sentence upon the defendant in accordance with the jury verdict?
Although it may seem a waste of time to wait for the presentence report if the court is bound by the jury's sentence, A.C.A. §5-65-109(b) specifically provides that the court shall not pronounce sentence until it receives the report. This specific statutory requirement prevents us from concluding that the court may pronounce sentence prior to its receipt of the report. In any event, since the court retains the power to reduce the sentence if it feels it is unjust under the circumstances, pursuant to A.C.A. § 16-90-107(e), the presentence report may be of some value to the court.
Your second question is:
 (2) If the jury imposes the punishment, and the PSSR has not been provided and the trial judge therefore postpones sentencing until the PSSR has been provided, can the trial judge incorporate the recommendations contained in the PSSR, such as confinement to a residential treatment program, mandatory attendance at meetings of Alcoholics Anonymous, etc., when these sanctions were not imposed by the jury?
 A. If the trial judge cannot modify the jury verdict in that regard, then of what value is the PSSR at that time?
It must be noted in addressing this question that even if the court awaits the arrival of the presentence report before it pronounces sentence, which I recommend, I do not think it is generally free to incorporate recommendations contained in the report into the sentence imposed by the jury. As discussed previously, the jury is responsible for fixing the sentence, and the court's involvement is greatly limited. The court can only modify the jury's sentence if it needs to be reduced in light of the presentence report, under § 16-90-107(e). Thus, in this limited sense, the recommendations of the report could be incorporated, indicating that the report is not entirely without value in this instance.
Your third question is:
 (3) If the PSSR is in possession of the trial court at the time of the jury trial, what legal basis exists for the jury to be made aware of the PSSR recommendations?
 A. In such an event, can the jury include those recommendations in its penalty verdict?
 B. If not, then what is the value of the PSSR recommendations?
 C. Can the trial judge legally incorporate the PSSR recommendations in sentencing the defendant, thereby modifying the penalties assessed by the jury?
The legal basis for allowing the jury to be made aware of the presentence screening report is the statutory requirement that the report be provided to the court prior to sentencing. See
A.C.A. § 5-65-109. However, in light of my opinion that the Arkansas Supreme Court does not contemplate the jury considering such a report, the report should probably not be submitted to the jury. Consequently, the jury could not include the report's recommendations in its sentencing, and the only value the report would have is in providing the court with possible reason to reduce the defendant's sentence pursuant to § 16-90-107(e). Again, the court could only modify the jury's sentence in compliance with that provision.
Your final question is:
 (4) Does the opinion in Tharp v. State, supra,
mean that, in the absence of one of the exceptions provided for in A.C.A. Sec. 5-4-103, the PSSR requirement is meaningless?
The requirement may not be meaningless to the extent the court could use the report to reduce the sentence imposed by the jury under § 16-90-107(e).
As a final note, it is my opinion that while current Arkansas decisions suggest that a presentence report would not be considered by a jury, a good argument can be made for allowing the jury to consider the report required by A.C.A. § 5-65-109. The mandatory nature of the Omnibus DWI Act, and the purpose of the presentence report requirement, indicate that the legislature would want the jury to consider this information prior to sentencing. Such a procedure would not be much unlike what occurs in capital murder trials, where the jury hears evidence of aggravating and mitigating circumstances prior to the sentencing of the defendant. This issue will not be conclusively resolved, however, until the specific argument is presented to the Arkansas Supreme Court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General