The Honorable Paul R. Bosson Prosecuting Attorney, 18th Judicial District 501 Ouachita Avenue Hot Springs, AR 71901
Dear Mr. Bosson:
This is in response to your request for an opinion on the following questions:
 (1) Does a Municipal Court have the power to grant a temporary license once a person is found guilty of DWI even though the license itself is transmitted to the office of Driver Services?
 (2) Does a Municipal Court or a Circuit Court have the authority to grant a temporary driving permit once a Defendant is found guilty of DWI but appeals the verdict?
In my opinion, neither a municipal court nor a circuit court may issue a temporary driving permit once a person has been convicted under the Omnibus DWI Act. As will be explained below, however, the Office of Driver Services may issue restricted temporary driving permits for work-related purposes to those convicted of their first offense under the Act, and there are limited circumstances in which previously issued temporary permits may remain in effect after conviction. Because your second question asks about the issuance of temporary permits when a conviction is appealed, it will be presumed in answering your first question that the conviction is not appealed.
In response to your first question, A.C.A. § 5-65-104(a)(1) (Supp. 1989) provides that when a person is arrested for violating § 5-65-103, the unlawful acts provision of the Omnibus DWI Act, the arresting officer shall seize the person's driver's license and issue the person a temporary driving permit that expires on the date of arraignment. The arresting officer shall then remit the seized driver's license to the court. A.C.A. §5-65-104(a)(2). Upon arraignment, the judge shall issue the person a temporary driving permit that expires on the date of trial. See A.C.A. § 5-65-104(a)(3). If the person is convicted of violating § 5-65-103, the court must transmit the person's driver's license to the Office of Driver Services and instruct that Office to suspend or revoke the person's driver's license in accordance with the sentence imposed by the court or the jury, as the case may be. See Tharp v. State, 294 Ark. 615,745 S.W.2d 612 (1988) and A.C.A. § 5-65-104(a)(4).
The Omnibus DWI Act further provides that any person who is found guilty or enters a plea of guilty to a first offense under the Act may petition the Office of Driver Services for a restricted driving permit for employment-related purposes or to attend a state-required alcohol treatment or education program. A.C.A. §5-65-104(b)(1) (Supp. 1989). The Office of Driver Services is responsible for notifying convicted persons that they may request this restricted permit, and a hearing must be held on each such request within ten days of the guilty plea or conviction. See
A.C.A. § 5-65-104(b)(2). The Act provides that any previously issued temporary permit shall remain in effect until the hearing date. A.C.A. § 5-65-104(b)(4). Further, the sentencing court may postpone acceptance of a guilty plea or sentencing following a conviction until a determination of the request for a restricted driving permit has been made. A.C.A. § 5-65-104(b)(5).
These provisions indicate that only first offenders under the Omnibus DWI Act may be granted any type of driving permit after they are convicted. Further, the only permit allowed these first offenders is one restricted to employment or treatment-related driving, and the Office of Driver Services has sole authority to issue such permits. The court's authority to issue temporary permits appears to expire upon conviction of a person for violating § 5-65-103. Of course, as noted, if the convicted first offender files a petition with the Office of Driver Services for an employment or treatment-related permit, any temporary permit in existence at the time of trial remains in effect until the date of the hearing on the petition. In the alternative, if the court knows that the person is filing such a petition, the court may postpone acceptance of the guilty plea or sentencing until the hearing on the petition. Either way, a previously entered temporary permit would remain in effect for no more than the ten-day period until the hearing on the petition for the work-related permit. The municipal court appears to be without authority to issue temporary driving permits to persons convicted of DWI.
Addressing your second question, it is likewise my opinion that neither a municipal court nor a circuit court has the authority to issue a temporary driving permit after a defendant is found guilty of DWI but appeals the conviction. It must be noted, however, that a convicted person may petition to stay proceedings on the judgment pending appeal under Inferior Court Rule 9(d) or Arkansas Rules of Appellate Procedure Rule 8, respectively.[1] The posting of an appeal bond under A.R.Cr.P. Rule 36.5 or A.C.A. § 16-91-110 (Supp. 1989) would likewise have the effect of staying the judgment pending appeal. If the judgment is stayed by any of these methods, it is my opinion that any temporary driving permit in existence at the time of trial would remain in effect until the appeal is concluded. If the judgment is not stayed, however, any temporary driving permit expired upon conviction and no other permit should be issued to the person unless he or she is granted a restricted permit for employment or treatment-related purposes as discussed above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] Because the Rules of Appellate Procedure are expressly stated to govern the procedure in appeals to the Arkansas Supreme Court and Court of Appeals, it is presumed that Rule 8 thereof applies to criminal as well as civil appeals. See Arkansas Rules of Appellate Procedure Rule 1.