The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion on the following question:
 Can individuals sentenced under Arkansas Code Annotated § 5-65-111 to a mandatory minimum time in jail for D.W.I. II or D.W.I. III be given compensatory time in the amount of one day's credit against his sentence for each day's labor, provided by Arkansas Code Annotated § 12-42-111?
In my opinion, the answer to this question is "no."
Arkansas Code Annotated § 12-42-111 (1987) authorizes the use of persons convicted and committed to the county jails to perform manual labor on various public works.[1] See A.C.A. §12-42-111(a) (1987). It further provides that an inmate performing such labor shall receive compensatory time in the amount of one day's credit against his sentence for each day's labor. See A.C.A. § 12-42-111(b) (1987).
Finally, § 12-42-111(c) provides that the county court or a county official designated by the county court shall determine which inmates may participate in this program and the extent of their participation.
Although this section would appear to give the county court wide discretion as to which county prisoners may perform manual labor in exchange for credit against their sentences, the sentencing provisions of the Omnibus D.W.I. Act, specifically A.C.A. §5-65-111 (1987), must be consulted in determining whether persons convicted of D.W.I. offenses may be included in its ambit. That section provides:
 (a) Any person who pleads guilty, nolo contendere, or is found guilty of violating § 5-65-103 may, for a first offense, be imprisoned for no less than twenty-four (24) hours and no more than one (1) year, except that the court may order public service in lieu of jail, and, in such instance, the court shall include the reasons therefor in its written order or judgment.
 (b) Any person who pleads guilty, nolo contendere, or is found guilty of violating § 5-65-103 shall be imprisoned:
 (1) For no less than seven (7) days and no more than one (1) year for the second offense occurring within three (3) years of the first offense;
 (2) For no less than ninety (90) days nor more than one (1) year for the third offense occurring within three (3) years of the first offense;
 (3) For at least one (1) year but no more than six (6) years for the fourth or subsequent offense occurring within three (3) years of the first offense and shall be guilty of a felony.
While § 5-65-111(a) provides that a trial court may order public service in lieu of jail for first offenders of the D.W.I. Act, no such option is provided with respect to second and subsequent D.W.I. offenses. Section 5-65-111(b) provides that these persons "shall be imprisoned." Because of the mandatory nature of these sentencing provisions, see Harris v. State, 285 Ark. 345,686 S.W.2d 440 (1985); Lovell v. State, 283 Ark. 425,678 S.W.2d 318 (1984), it is my opinion that individuals convicted of a second, third, or subsequent D.W.I. offense and sentenced under A.C.A. § 5-65-111 (1987) may not take advantage of A.C.A. §12-42-111's provision authorizing a county inmate to obtain credit against his sentence for manual labor. It is well-established that a general law does not apply when there is another statute governing the particular subject. See Williamsv. Pulaski Co. Election Comm, 249 Ark. 309, 459 S.W.2d 52
(1970).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch
[1] As this provision appears to be limited to inmates committed to county jails, it may not apply to city inmates, which your opinion request indicates are the focus of your inquiry.