The Honorable Randy Laverty State Senator P.O. Box 303 Jasper, AR 72641
Dear Senator Laverty:
 I am writing in response to your request for an opinion regarding Newton County Ordinance 03-13, (hereinafter "the Ordinance"), which was enacted pursuant to A.C.A. § 16-17-129, as amended by Act 1188 of 2003. See A.C.A. § 16-17-129 (Supp. 2003). Act 1188 amended § 16-17-129 to include counties among those political subdivisions authorized to levy an additional municipal court (now district court) fine for prisoner expense.[1] Accord
Op. Att'y Gen. 2003-113. The Ordinance states in relevant part:
 Pursuant to Act 1188 of 2003 of the General Assembly of the State of Arkansas, an additional fine of Five Dollars ($5.00) shall be levied and collected from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation in the District Court(s) or City Court(s) within Newton County, Arkansas.
Newton Co. Quorum Court Ordinance No. 03-12, Section I (June 2, 2003).
You have asked the following questions in this regard:
 1. To what extent, if any, does a Quorum Court have jurisdiction or authority to dictate any of the terms of a judicial sentence to be issued by a District Court, in advance of any judicial ruling and before the District Court has heard any evidence?
 2. More specifically, does a Quorum Court have jurisdiction or authority to require a District Court to collect an `additional fine' in certain traffic and criminal cases?
 3. Inasmuch as Act 1188 and Ordinance 03-14 appear to authorize the Quorum Court to levy and collect such `additional fines,' and do not specifically impose any additional duties upon the District Court, can the Quorum Court transfer its collection powers, or delegate its collection duties, to the District Court?
 4. Does said Ordinance impose additional duties upon the District Court? If so, what are they? Can the Quorum Court require the District Court to perform such additional duties? If so, how would such requirement be enforced?
 5. If the District Court is required to collect the Quorum Court's `additional fines,' and if such requirement is lawful, how is such collection to be accomplished? For instance, if the District Judge convicts a defendant on a Class C Misdemeanor and sentences him to pay a $100.00 fine and $100.00 in court costs, is the District Court then required to collect $205.00 from that defendant (District Court fine plus District Court costs plus the Quorum Court's `additional fine' of $5.00)?
 6. Does said Ordinance effectively increase the range of allowable penalties set forth in the Arkansas Criminal Code?
RESPONSE
It is my opinion in response to your first two questions that A.C.A. §16-17-129 in itself amounts to a mandate that the additional fine authorized there under must be collected if it has been levied by city and/or county ordinance. With regard to your third and fourth questions, it is my opinion that there is no such transfer of collection powers or delegation of collection duties to the court, and that the Ordinance imposes no additional duties on the District Court. It is my opinion in response to your fifth question that the collection procedures under A.C.A. § 16-13-709 apply to the collection of this additional fine. With regard to your sixth question, it is my opinion that the statute (A.C.A. § 16-17-129, as amended) sets forth the penalty, separate from the Criminal Code.
Question 1 — To what extent, if any, does a Quorum Court havejurisdiction or authority to dictate any of the terms of a judicialsentence to be issued by a District Court, in advance of any judicialruling and before the District Court has heard any evidence?
Question 2 — More specifically, does a Quorum Court have jurisdiction orauthority to require a District Court to collect an `additional fine' incertain traffic and criminal cases?
Although these questions appear to be couched in general terms, it seems clear from the remainder of your questions that they are asked within the specific context of Newton County Ordinance No. 03-13, and the additional fine levied there under. I will thus address them together, within that context.
As noted above, the Ordinance was adopted pursuant to the recently amended A.C.A. § 16-17-129, which has been codified, in relevant part, as follows:
 (a) In addition to all fines now or as may hereafter provided by law, the governing body of each city of the first class, city of the second class, incorporated town, and county in this state may by ordinance levy and collect an additional fine not to exceed five dollars ($5.00) from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation in the city court of the city, town, or county, or in the district court for the district in which the city or town is located.
A.C.A. § 16-17-129 (a) (Supp. 2003).[2]
The Quorum Court has thus levied this additional fine pursuant to specific statutory authority. Once levied, the fine is mandatory in the noted instances, i.e., it is collected "from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation. . . ."[3] The mandatory nature of the fine thus flows from the statute, and not from any independent action of the Quorum Court. Although an ordinance is a prerequisite to the statute's applicability, it is my opinion that the statute itself imposes the fine by operation of law, after the ordinance is adopted. The General Assembly, not the Quorum Court, is dictating the sentence, pursuant to its general authority over sentencing. See generally Richards v. State,309 Ark. 133, 827 S.W.2d 155 (1992) (noting that our court has repeatedly held that sentencing in Arkansas is entirely a matter of statute). See also Sparrow v. State, 284 Ark. 396, 397, 683 S.W.2d 218 (1985) (stating: "It is well settled that it is for the legislative branch of a state or federal government to determine the kind of conduct that constitutes a crime and the nature and extent of punishment which may be imposed. [Citations omitted.] In fact, there is no authority for [the appellant's] contentions that penalties and their imposition are for the courts to decide.")
In response to your first two questions, therefore, the General Assembly, not the Quorum Court, has dictated both the terms under which this fine shall be imposed and its collection.
Question 3 — Inasmuch as Act 1188 and Ordinance 03-14 appear to authorizethe Quorum Court to levy and collect such `additional fines,' and do notspecifically impose any additional duties upon the District Court, can theQuorum Court transfer its collection powers, or delegate its collectionduties, to the District Court?
In my opinion, there is no transfer of collection powers or delegation of collection duties to the District Court under either A.C.A. § 16-17-129, as amended, or the Ordinance. See response to Question 5, infra
(regarding collection of the additional $5.00 fine).
Question 4 — Does said Ordinance impose additional duties upon theDistrict Court? If so, what are they? Can the Quorum Court require theDistrict Court to perform such additional duties? If so, how would suchrequirement be enforced?
The Ordinance imposes no duties on the District Court. The Court is mandated, in my opinion, to impose the fine, similar to other fines that are mandatory by statute. See, e.g., A.C.A. § 5-65-112 (mandatory fines under the Omnibus DWI); Lovell v. State, 283 Ark. 425, 434,678 S.W.2d 318 (1984) and Harris v. State, 285 Ark. 345, 686 S.W.2d 440
(1985) (upholding the mandatory sentencing provisions under the Omnibus DWI Act). This is by virtue of the statute, however, not the Ordinance.
Question 5 — If the District Court is required to collect the QuorumCourt's `additional fines,' and if such requirement is lawful, how issuch collection to be accomplished? For instance, if the District Judgeconvicts a defendant on a Class C Misdemeanor and sentences him to pay a$100.00 fine and $100.00 in court costs, is the District Court thenrequired to collect $205.00 from that defendant (District Court fine plusDistrict Court costs plus the Quorum Court's `additional fine' of$5.00)?
It is my opinion, as indicated above, that the judge must impose this fine on in the stated instances, according to the statute. As for its collection, reference must be made to A.C.A. §§ 16-17-132 and 16-13-709. Section 16-17-132 states in relevant part that "[a]ll fines, penalties, and costs received by the district courts shall continue to be collected and distributed in the manner provided by current laws affecting municipal courts, unless and until the General Assembly establishes a new method of distribution." A.C.A. § 16-17-132 [effective until Jan. 1, 2005] (Supp 2003). Section 16-13-709 provides in relevant part as follows with regard to actual collection responsibilities:
 The governing body, or, if applicable, each governing body of a political subdivision which contributes to the expenses of a district court . . . shall designate a county or city official, agency, or department who shall be primarily responsible for the collection of fines assessed in the district courts. . . .
A.C.A. § 16-13-709 (a) (2) (A) (Supp. 2003).
The fine proceeds, of course, may not be diverted from their statutorily assigned purpose(s). Cf. Op. Att'y Gen. 91-282. Those responsible for the assessment and collection of the fine may seek the assistance of the Administrative Office of the Courts in this regard. See A.C.A. §16-13-710 (Supp. 2003).
Question 6 — Does said Ordinance effectively increase the range ofallowable penalties set forth in the Arkansas Criminal Code?
Arkansas Code Annotated § 16-17-129 establishes the additional $5.00 fine, effective upon the Ordinance's adoption, separate and apart from those penalties set forth in the Criminal Code. Cf. Lovell v. State,supra (Supp. Op.) (noting that there be statutes enacted later than the Criminal Code which have their own penal provisions).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Enclosure
[1] Arkansas Constitution Amendment 80 established "district courts" effective July, 2001; and Act 1693 of 2001 (A.C.A. § 16-17-132 (Supp. 2003)) changed the name of "municipal courts" to "district courts." District courts are thus the successors of municipal courts following the adoption of Amendment 80.
[2] This codification reflects an effort to combine Acts 1188 andAct 1185 of 2003, the latter being the technical corrections act to implement Ark. Const. amend. 80. See n. 1, supra. Prior to its amendment by Act 1188, A.C.A. § 16-17-129 only authorized cities and towns to levy the additional $5.00 fine. Act 1185 amended the former, pre-Act 1188 version of § 16-17-129 to reflect the change from municipal to district courts. The above codification blends Acts 1188 and 1185, in an attempt to include the substantive provisions of both. The codification is somewhat confusing, however, in providing that the governing body of each city, town, and county may levy and collect the fine from each defendant for any misdemeanor or traffic violation in the "city court of the city,town, or county, or in the district court for the district in which thecity or town is located." (Emphasis added). While this language may be somewhat unclear in establishing the county governing body's authority to levy and collect the additional $5.00 fine for misdemeanor and traffic violations in the former municipal, now district, courts, this clearly was the intent of Act 1188. See Op. Att'y Gen. 2003-113. Any uncertainty or ambiguity in this regard is clarified upon reviewing the legislative history of A.C.A. § 16-17-129.
[3] Please note that I have enclosed a copy of Attorney General Opinion2003-238, which addresses questions of statutory interpretation regarding A.C.A. 16-17-129, and the applicability of a county or city ordinance enacted there under.