Michael Robert VAN SICKLE *v.* STATE of Arkansas

CA CR 85-102                                     698 S.W.2d 308

Court of Appeals of Arkansas
Division I
Opinion delivered October 30, 1985

144

*Donald R. Huffman*, Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Jerome T. Kearney*, Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was charged with two counts of battery in the second degree, Ark. Stat. Ann. § 41-1602 (1)(d)(iii) (Supp. 1985). The charges arose from incidents involving the two minor children of appellant's girl friend. The two charges were severed for trial and the jury returned a guilty verdict for the battery of Jamie Holmes, age 4. At the judgment and commitment hearing, appellant pled guilty to the second degree battery of the other child, John Holmes. Appellant was sentenced to five years for the second degree battery of Jamie and four years, with two years suspended, for the second degree battery of John, the sentences to run consecutively.

Appellant contends that during his trial on the charge relating to Jamie, the trial court abused its discretion when it permitted a photograph of the bruises on John's buttocks and thighs to be admitted into evidence. Appellant further states that this evidence of a prior act was highly prejudicial and was not outweighed by its probative value. We disagree, and finding no abuse of discretion, affirm.

While in appellant's care, Jamie Holmes sustained first and second degree burns to his ankles and the tops of his feet. At first appellant explained that Jamie was accidentally burned by hot water in the bathtub. Appellant later confessed to Detective Barnes of the Rogers Police Department that he had placed Jamie in a tub of hot water and held him there as punishment for playing in the mud. At trial appellant refuted his confession,

retold the accident story, and claimed that he loved his girl friend's children and would not intentionally harm them. At that point the State began to question appellant about a spanking he had given Jamie's younger brother, John. Appellant admitted spanking John, and stated that he did not know he had bruised him until he had been shown a picture. The trial court then admitted into evidence, over appellant's objection, a picture of John that showed severe bruises covering his buttocks and thighs.

We hold that the trial court was justified in finding that the evidence regarding the injuries suffered by John was admissible. Ark. Stat. Ann. § 28-1001, Rule 404(b) (Repl. 1979), provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In *Limber* v. *State*, 264 Ark. 479, 572 S.W.2d 402 (1978), the Arkansas Supreme Court held that evidence of the abuse of another child in the household is relevant and admissible under Rule 404(b) to show whether there existed an intent to abuse and the absence of mistake or accident.

Granted, the picture of John is shocking and prejudicial. However, the danger of unfair prejudice created by a photograph must substantially outweigh its probative value before we will exclude it. *Williams* v. *State*, 267 Ark. 527, 593 S.W.2d 8 (1979). The photograph in question clearly shows that this was not a routine spanking as appellant implies. The jury could conclude that John had been severely beaten, and this fact is highly probative of the issue of appellant's intent and lack of mistake or accident. Even inflammatory photographs are admissible if they tend to shed light on any issue. *Perry* v. *State*, 255 Ark. 378, 500 S.W.2d 387 (1973). The introduction of photographic evidence is a matter within the discretion of the trial judge and we will not reverse a trial court's ruling with respect to relevance absent an abuse of discretion. *Stevens* v. *State*, 15 Ark. App. 357, 693 S.W.2d 64 (1985). We find no abuse of discretion in this case.

Affirmed.

GLAZE and COOPER, JJ., agree.