Sammy Earl STEWART *v.* STATE of Arkansas

CR 97-942                                          961 S.W.2d 750

Supreme Court of Arkansas
Opinion delivered February 12, 1998

*Irwin Law Firm*, by: *Robert E. Irwin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The appellant, Sammy Earl Stewart, was convicted of the rape, aggravated robbery, and theft of property of a Russellville woman for which he was sentenced to concurrent prison terms of sixty years, forty years, and five years, respectively. On appeal, he argues that the State's evidence was insufficient to satisfy the penetration element of rape or to identify him as the perpetrator of the crimes. Because we conclude that neither argument has merit, we affirm the trial court's judgment.

The State elicited the following testimony at trial. On the evening of April 9, 1996, the forty-nine-year-old victim was at home in bed when she was awakened by a crashing sound. When

she sat up, she saw a man standing at the end of her bed. She turned on the light and recognized the man because he had been to her front door earlier that evening asking to mow her lawn. The man ordered the victim to turn off the light, then held a knife to her throat and demanded money.

After dragging the victim out of bed and into her living room, the man, still holding the knife to her throat, told her that he was going to rape her. He threw her on the couch and got on top of her. When the man removed the knife away from the victim's throat long enough to pull his pants down, she grabbed for the knife and cut her hand. Threatening to kill the victim if she called police, the man pushed her panties to one side without removing them. According to the victim, the man did not have an erection, but just "smushed it in." According to the victim, there was no doubt in her mind that the man penetrated her. While in the living room, the appellant told the victim that he wanted some jewelry and inquired about her video cassette recorder. Eventually, she managed to escape and ran to a neighbor's house to call police. When the appellant returned to the residence with police, she noticed that her videocassette recorder and several rings were missing.

Police developed the appellant as a suspect in the case. On April 16, 1996, the victim identified the appellant and two or three others as suspects from an album containing photographs of approximately 170 males. Later that day, she identified the appellant and another man in a lineup as resembling her attacker. On a later date, when the victim had the opportunity to observe the appellant and hear his voice, she identified the appellant as her assailant. The victim identified the appellant again at trial, stating that "it was the same man, no doubt."

In a statement given to Russellville Police Officer David Davis, the appellant initially denied that he had ever been to the victim's residence. However, he subsequently admitted that he had gone to the victim's house with another person who intended to break in. According to Officer Davis, the appellant claimed that he did not go inside because he thought that someone was there.

Following a rape-kit examination that was performed on the victim, the victim's panties and vaginal swabs, both of which contained semen, were submitted to the State Crime Lab for testing. The State's expert who performed the DNA analysis testified that the probability of the victim's attacker being someone other that the appellant was one in fifteen thousand.

A latent print taken from the victim's back door, determined by police as the perpetrator's point of entry, was also submitted to the State Crime Lab for analysis. Comparing this print to a fingerprint card bearing the appellant's prints, the State's fingerprint examiner testified that the impression left on the victim's back door was the appellant's left palm print.

At the close of the State's case in chief, the appellant moved for a directed verdict, arguing that the State failed to prove both the penetration element of the rape charge and that he was the person who committed the crimes charged. Following the trial court's denial of the motion, the appellant testified on his own behalf, claiming that police had conspired against him and that he did not leave his house on the night of the rape. The appellant also presented the testimony of his mother and grandmother, both of whom testified as alibi witnesses. At the close of all the evidence, the appellant renewed his motion for directed verdict. The trial court again denied the motion. The case was submitted to the jury, which returned a verdict finding the appellant guilty of all charges.

We have recently reviewed our guidelines for reviewing challenges to the sufficiency of the evidence in *Green v. State*, 330 Ark. 458, 466-7, 956 S.W.2d 849, 853 (1997), *quoting McGehee v. State*, 328 Ark. 404, 410, 943 S.W.2d 585, 588 (1997):

> Motions for directed verdict are treated as challenges to the sufficiency of the evidence. *Johnson v. State*, 326 Ark. 3, 929 S.W.2d 707 (1996); *Penn v. State*, 319 Ark. 739, 894 S.W.2d 597 (1995). When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the state. *Dixon v. State*, 310 Ark. 460, 470, 839 S.W.2d 173 (1992). Evidence is sufficient to support a conviction if the trier of fact can reach a conclusion without having to resort to speculation or conjecture. *Id.* Substantial evidence is

that which is forceful enough to compel reasonable minds to reach a conclusion one way or the other. *Id.* Only evidence supporting the verdict will be considered. *Moore v. State*, 315 Ark. 131, 864 S.W.2d 863 (1993).

Specifically, the appellant contends that his rape conviction should be reversed because the State failed to prove penetration. As defined in Ark. Code Ann. § 5-14-103(a)(1) (Repl. 1997), a person commits the offense of rape "if he engages in sexual intercourse or deviate sexual activity with another person . . . [b]y forcibile compulsion." "Sexual intercourse" is defined in Ark. Code Ann. § 5-14-101(9) (Repl. 1997) as the "penetration, however slight, of the labia majora by a penis."

■ ■ The appellant maintains that there was insufficient evidence of penetration because a nurse who examined and questioned the victim after the incident initially wrote in her notes that the victim did not think that her attacker penetrated her. However, the victim testified at trial that the appellant "smushed it in" and that there was no doubt in her mind that he penetrated her. As we have held many times, the uncorroborated testimony of a rape victim is sufficient to support a conviction. *Davis v. State*, 330 Ark. 501, 956 S.W.2d 163 (1997); *Johnson v. State*, 328 Ark. 526, 944 S.W.2d 115 (1997). Moreover, any inconsistencies that may have been presented in the testimony were for the jury to resolve. *Cope v. State*, 293 Ark. 524, 739 S.W.2d 533 (1987). In support of the victim's testimony, the state offered testimony of a DNA expert that the vaginal swab taken from the victim's rape examination matched the DNA in appellant's blood. Thus, we conclude that the evidence was sufficient to sustain the appellant's conviction for rape.

■ ■ The appellant further contends that the State's proof that he was the person who committed the crimes was insufficient. The victim testified at trial that there was no doubt in her mind that the appellant was her assailant. We have held that the uncorroborated testimony of one state's witness is sufficient to sustain the appellant's convictions. *See Galvin v. State*, 323 Ark. 125, 912 S.W.2d 232 (1996). Nevertheless, the State produced evidence that appellant's left palm print was found on the back door

of the victim's residence. We have held that fingerprints can constitute evidence that is sufficient to sustain a conviction. *Lee v. State*, 326 Ark. 229, 931 S.W.2d 433 (1996). Moreover, the DNA on the vaginal swab taken from the victim's rape examination matched the DNA in appellant's blood. In sum, the State's identification evidence was more than sufficient to sustain the appellant's convictions.

Based on the foregoing, we affirm the trial court's judgment.