James C. LEVER *v.* STATE of Arkansas

CR 97-1463                                                     971 S.W.2d 762

Supreme Court of Arkansas
Opinion delivered May 28, 1998

*Val P. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, James Lever, was convicted of capital murder and sentenced to life imprisonment without parole. On appeal, Lever challenges the sufficiency of the evidence, and argues that there is no meaningful distinction between "premeditated and deliberated" capital murder under Ark. Code Ann. § 5-10-101(a)(4) (Repl. 1997) and "purposeful" first-degree murder under Ark. Code Ann. § 5-10-102(a)(2) (Repl. 1997). Finding no merit to either argument, we affirm.

On February 13, 1997, James Lever shot and killed Reuben Sheppard, Jr. At trial, Lever did not contest this fact, but instead

argued that his actions constituted first-degree murder instead of capital murder. The relevant facts are as follows.

Around lunch time, on February 13, Lever asked his neighbor, Robert Rolland, if he could borrow his car. Rolland drove Lever towards a house on Fisher Street where the victim was allegedly visiting with some friends. As they approached the area, Rolland told Lever that he did not wish to drive any further. Rolland exited his vehicle and began walking home while Lever drove on towards Fisher Street. Several minutes later, Lever picked up Rolland and the two returned to Rolland's apartment.

Lever then approached two of his friends, Tyson Oliver and Arlos Banks, who were installing a radio in a Honda parked in a nearby driveway. Lever asked Oliver and Banks if they had a gun he could borrow, and they responded in the negative. Oliver and Banks later told the police that Lever was angry because he had a disagreement with "Reuben" over money. Lever then went to Rolland's apartment and asked if he could borrow a gun. Rolland gave Lever a .22 revolver loaded with five bullets. A few minutes later, Lever returned to Rolland's apartment and asked if he could borrow Rolland's gray Oldsmobile to go to the store to buy cigarettes. Rolland gave Lever the keys.

Around 5:00 p.m., Lever drove to Fisher Street where he saw Nathaniel Anderson standing on the street corner with some friends. Lever asked Anderson where everyone was, and Anderson pointed to a house on Fisher street. Lever specifically asked Anderson if Reuben Sheppard was there, and Anderson explained that he did not know. Lever then drove down the alley towards the house where he spotted Sheppard standing outside of a parked vehicle. Lever exited his car and began arguing with Sheppard. Kenny Pickett drove up and asked Lever if everything was all right. Pickett testified that Sheppard did not have a gun, and that he did not make any aggressive movements towards Lever. Lever then pulled out his .22 revolver, shot Sheppard four times in the chest and left side, and sped off in the gray Oldsmobile. Sheppard died later that day.

At the conclusion of the trial, the court instructed the jury on the elements of "premeditated and deliberated" capital murder

under Ark. Code Ann. § 5-10-101(a)(4) and "purposeful" first-degree murder under Ark. Code Ann. § 5-10-102(a)(2). After deliberating for two hours, the jury found Lever guilty of capital murder and sentenced him to life imprisonment without parole.

For his first argument on appeal, Lever contends that his conviction should be reversed because there is no meaningful distinction between capital murder under Ark. Code Ann. § 5-10-101(a)(4) and first-degree murder under Ark. Code Ann. § 5-10-102(a)(2). We find no merit to this argument because it has previously been rejected by this court on numerous occasions. *See, e.g., Landreth v. State,* 331 Ark. 12, 960 S.W.2d 434 (1998); *Camargo v. State,* 327 Ark. 631, 940 S.W.2d 464 (1997); *Kemp v. State,* 324 Ark. 178, 919 S.W.2d 943 (1996).

Next, Lever claims that there was insufficient evidence to support his conviction of capital murder under Ark. Code Ann. § 5-10-101(a)(4). The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Stewart v. State,* 331 Ark. 359, 961 S.W.2d 750 (1998); *Sanford v. State,* 331 Ark. 334, 962 S.W.2d 335 (1998). Substantial evidence is direct or circumstantial evidence that is forceful enough to compel a conclusion one way or another and which goes beyond mere speculation or conjecture. *Id.* In making this determination, we review the evidence in the light most favorable to the State, as appellee, and consider evidence both properly and improperly admitted. *Id.*

As to the degree of proof necessary to establish capital murder under Ark. Code Ann. § 5-10-101(a)(4), we have said that because intent can rarely be proven with direct evidence, a jury may infer premeditation and deliberation from circumstantial evidence such as the type and character of the weapon used; the manner in which the weapon was used; the nature, extent, and location of the wounds inflicted; and the conduct of the accused. *Lloyd v. State,* 332 Ark. 1, 962 S.W.2d 365 (1998); *Green v. State,* 330 Ark. 458, 956 S.W.2d 849 (1997). Moreover, the necessary premeditation and deliberation is not required to exist for a particular length of time and may be formed in an instant. *Green v. State, supra; Key v. State,* 325 Ark. 73, 923 S.W.2d 865 (1996).

In this case, the evidence showed that Lever shot Sheppard four times in the chest area and side with a .22 revolver. According to an eyewitness, the victim did not have a gun or act aggressively towards Lever. There was also evidence that Lever spent approximately five hours obtaining a weapon, borrowing a car, and locating the victim. Finally, on the day of the crime Lever told several witnesses that he had a dispute with the victim over money. Hence, we hold that there was substantial evidence that Lever acted with a "premeditated and deliberated purpose" as required by Ark. Code Ann. § 5-10-101(a)(4).

In accordance with Ark. Sup. Ct. R. 4-3(h), the record has been reviewed for rulings decided adversely to Lever but not argued on appeal, and no reversible errors were found.

Affirmed.