

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–16–964

JAMES EDWARD WHITNEY

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** May 24, 2017

APPEAL FROM THE WASHINGTON
COUNTY CIRCUIT COURT
[NO. 72CR-13-912]

HONORABLE MARK LINDSAY,
JUDGE

AFFIRMED

### MIKE MURPHY, Judge

A Washington County jury convicted appellant James Whitney of eighteen counts of possession of child pornography in violation of Arkansas Code Annotated section 5-27-602 (Repl. 2013), and he was sentenced to consecutive thirty-year sentences on each conviction. On appeal, Whitney contends that sufficient evidence did not support his convictions and that transcripts of conversations occurring in a Yahoo chat room were improperly admitted at trial. We affirm.

The charges came about when Whitney and Teena, Whitney's now ex-wife, got in a dispute requiring sheriff's deputies to be called. This incident led to the breakup of their marriage. Three days later, Teena called the deputies back to her house because she thought she saw Whitney driving by despite having a protection order in place. During this visit, Teena explained to the deputies that she saw child pornography on Whitney's computer

and wanted the deputies to take his laptop. Five days later, Teena brought several other computers that she found in the house while packing to move out because she was concerned there might be child pornography on them as well. The state crime lab found more than twenty photographs of underaged nude females and Yahoo chat logs where Whitney had been conversing with other people over the Internet concerning sexual matters and requesting and offering pictures. These chats were graphic descriptions of Whitney sexually abusing his minor daughters with the cooperation of their mother.[1] The transcripts also established that Whitney was seeking to recreate the mother-daughter experience with a willing female and her underaged daughter.

Teena testified first. She explained that the divorce was final and that nobody else had lived with them who would have had access to the computers since 2010. She also described signing a consent form to have the computers searched.

Adam Wilson, the digital-evidence technician from the state crime lab, then testified that he had analyzed the computers. He explained how he had recovered the images and chats and how he had located Whitney's profile and username associated with the hard drive; and he testified to the date range of the images and chats he had recovered.

Yvette Schrock, the detective in the child-crimes division, testified that she was assigned to the computer portion of the investigation. She explained that she had Teena sign a consent form to have the computers searched. Schrock testified that it appeared

---

[1]According to the chat transcript, Whitney claimed that his minor daughters and their mother had passed away due to a car accident several years after the alleged abuse of his daughters had begun.

Whitney's intent was to receive and send pornographic images. She described the images found as pictures of "prepubescent females" who appeared to be under the age of eighteen.

The first point on appeal is that there was insufficient evidence to support Whitney's convictions for distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child.[2] On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *See Reynolds v. State*, 2016 Ark. 214, at 3, 492 S.W.3d 491, 494. This court views the evidence in the light most favorable to the State and affirms if there is substantial evidence to support the verdict. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* This court does not weigh the evidence presented at trial or assess the credibility of the witnesses, because those are matters for the fact-finder. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

Whitney first argues that the State failed to prove that he had actual or constructive possession of the computers because for an eight-day period his ex-wife had sole possession of the computers. However, the two computers that contained images of child pornography were found in a computer file that contained the name "Whitney" under "Documents and Settings." Additionally, testimony revealed that the images had been created in April and

---

[2]Although Whitney presents his challenge to the trial court's denial of his motion for a directed verdict as his second point on appeal, we must address such a challenge first for purposes of double jeopardy. *Sweet v. State*, 2011 Ark. 20, 370 S.W.3d 510.

May 2010, and Teena testified that she and Whitney had lived alone since 2010 and that she had not used any of the computers since March 2010, after she had bought her own laptop. The jury was free to believe all or part of her testimony, and it chose to believe her.

Whitney next argues that the State offered no evidence as to the actual ages of the children. Detective Schrock testified that each picture appeared to depict a prepubescent female, and the jury was provided with the pictures. The circuit court instructed the jury with the following, "In considering the evidence in this case, you are not required to set aside your common knowledge, but you have a right to consider all the evidence in the light of your own observations and experiences in the affairs of life." Because the jury was able to view the photos, taking into account the testimony and instructions, we hold that substantial evidence supported the verdict.

The second point on appeal is that the circuit court erred in allowing the Yahoo chat transcripts to be admitted into evidence. A circuit court's ruling on relevancy and matters pertaining to the admissibility of evidence is left to the sound discretion of the circuit court and will not be reversed absent an abuse of that discretion. *Sipe v. State*, 2012 Ark. App. 261, at 10, 404 S.W.3d 164, 170. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Id.* Moreover, an appellate court will not reverse a circuit court's evidentiary ruling absent a showing of prejudice. *Id.*

Whitney argues that the chats were not relevant to the charges because he was not charged with soliciting child pornography and that any probative value in the transcripts was outweighed by the prejudicial effect. The circuit court overruled Whitney's objection

at the hearing, finding that the transcripts were relevant to "prove those items mentioned in Rule 404(b), opportunity, intent, preparation, plan, knowledge, things of that nature[.]" We agree.

Rule 401 of the Arkansas Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 401. Arkansas Rule of Evidence 402 further provides that "[e]vidence which is not relevant is not admissible." Ark. R. Evid. 402. Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403. Evidence of other crimes, wrongs, or acts may not be admitted to prove the character of a person in order to show that he acted in conformity therewith, but it may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Ark. R. Evid. 404(b). In *Van Sickle v. State*, where defendant was charged with battery in the second degree of a child, we found no abuse of discretion when the circuit court admitted into evidence a photograph showing severe bruises on another child after being spanked by defendant. 16 Ark. App. 143, 145, 698 S.W.2d 308, 309 (1985). We explained that even though the photograph was shocking and prejudicial, the jury could have concluded that the child in the picture had been severely beaten, and that fact would be highly probative of the issue of defendant's intent and lack of mistake or accident. *Id.*

Although the evidence in this case was inflammatory to a certain extent, the transcripts were relevant to show that Whitney did not mistakenly have the pictures on his

5

SLIP OPINION

computer. The transcripts put him behind the keyboard and connected him to the images. The transcripts reflected that Whitney admitted possessing pictures of his daughters and of other young girls. Like the photo in *Van Sickle*, the transcripts are shocking and prejudicial, but they were also highly probative toward establishing Whitney's intent and lack of mistake or accident. Overall, the transcripts established that Whitney had knowledge and was fully aware that the pictures were on the computer. Therefore, we cannot say that the circuit court abused its discretion.

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

*David Hogue*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.