Cite as 2018 Ark. 21

# SUPREME COURT OF ARKANSAS

No. CR-17-920

| | |
|---|---|
| | **Opinion Delivered** January 25, 2018 |
| JAMES EDWARD WHITNEY | |
| PETITIONER | PRO SE PETITION FOR REVIEW EN BANC OF THE CLERK'S DECISION [WASHINGTON COUNTY CIRCUIT COURT, NO. 72CR-13-912] |
| V. | |
| STATE OF ARKANSAS | |
| RESPONDENT | HONORABLE MARK LINDSAY, JUDGE |
| | <u>PETITION TREATED AS MOTION FOR RULE ON CLERK AND DISMISSED</u>. |

**JOHN DAN KEMP, Chief Justice**

Petitioner James Edward Whitney filed in this court a pro se "petition for review en banc of the clerks [sic] decision" in which he requests permission to proceed with an appeal of an order entered by the trial court denying his pro se petition for dismissal of fines, fees, and costs. Because Whitney's petition for dismissal did not provide a basis for the trial court to grant relief, it is clear that the appeal cannot succeed. We therefore treat the petition for review as a motion for rule on clerk, and we dismiss the motion.

A jury in the Washington County Circuit Court convicted Whitney on eighteen counts of possession of child pornography, and the judgment imposed an aggregate sentence of 6,480 months' imprisonment in the Arkansas Department of Correction,

along with $180,000 in fines and several fees.[1]  More than a year after the judgment of conviction was entered, Whitney filed a petition in the trial court asking that the fines, fees, and costs noted on the judgment be "dismissed" because he could not pay them, and that the trial court "run these fines, fees, and court costs current" with his term of imprisonment.[2]  The trial court denied the petition on the basis that Whitney failed to state facts on which relief could be granted.

Whitney contends in his petition, and there is ample evidence, that he filed a timely notice of appeal of the order and that the record was also timely tendered to our clerk.[3] Our clerk declined to file the record as tendered, however, because the only notice of appeal contained in the record when it was submitted was not one filed to appeal the order denying Whitney's petition for dismissal of fines, fees and costs.  Nevertheless, while a

---

[1] The fees included a $20 booking/administration fee, a $10 collection fee per month, two fees of $250 each for a DNA sample and for offenders categorized as sex offenders, plus a fee in an amount "as ordered" for use of a public defender.  Whitney appealed the conviction, and the Arkansas Court of Appeals affirmed the judgment. *Whitney v. State*, 2017 Ark. App. 341, 520 S.W.3d 326.

[2] The terms listed on the judgment were that the fines and fees imposed were to be collected in installments and that payments were to be made within sixty days of Whitney's release from the Arkansas Department of Correction.

[3] Whitney attached a file-marked copy of his notice of appeal with his petition in this court.  After the record had been submitted, the circuit court clerk tendered to our clerk a certified copy of the same notice of appeal file-marked on the seventh day after the order was entered.

mistake by the circuit clerk in failing to include the correct notice of appeal in the record might provide Whitney with sufficient cause to excuse a procedural default, an appeal from an order that denied a petition for a postconviction remedy will not be permitted to go forward when it is clear that the petitioner could not prevail. *Justus v. State*, 2012 Ark. 91.

Whitney's petition in the circuit court sought a modification of his sentence. He did not allege that the sentences were either illegal or illegally imposed, only that he could not pay the money.[4] Generally speaking, absent a statute, rule, or available writ, once the circuit court enters a judgment and commitment order, jurisdiction is transferred to the executive branch of our government. *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909. Without an exception as noted, the trial court lacks subject-matter jurisdiction. *Gavin v. State*, 354 Ark. 425, 125 S.W.3d 189 (2003). We have long held that a trial court loses jurisdiction to modify or amend an original sentence once the sentence is put into execution. *Id.* A sentence by a circuit court to pay a fine is put into execution when the judgment of conviction is entered. *Id.* Because the trial court did not have jurisdiction to grant the relief that Whitney requested in his petition for dismissal, Whitney cannot prevail on appeal of the order denying that relief.

---

[4] Whitney made some conclusory allegations about the imposition of the sentences in that he alleged he "is being held captive illegally" and that his conviction was one for which he was "illegally imprisoned." Yet he set out no specific claim in that regard and did not challenge the sentences imposed as falling outside the statutory range.

Petition treated as motion for rule on clerk and dismissed.