JOHN DAN KEMP, Chief Justice
Appellant Sammy Earl Stewart filed a petition, denied by the trial court, requesting that the court reconsider and/or modify the sentence imposed in his criminal case. Stewart appeals the adverse decision, and we affirm because the trial court correctly found it did not have the authority to grant the relief that Stewart requested.
The judgment at issue was entered in 1997. Generally speaking, absent a statute, rule, or available writ, once the circuit court enters a judgment-and-commitment order, jurisdiction is transferred to the executive branch of our government. Whitney v. State , 2018 Ark. 21, 535 S.W.3d 627. Without an exception as noted, the trial court lacks subject-matter jurisdiction of the case. Id. We have long held that a trial court loses jurisdiction to modify or amend an original sentence once the sentence is put into execution. Id. Because Stewart is incarcerated in the Arkansas Department of Correction, there is no question that his sentence has been placed into execution. Johnson v. State , 2012 Ark. 212.
A circuit court's decision to deny relief under Arkansas Code Annotated section 16-90-111 (Repl. 2016) will not be overturned unless that decision is clearly erroneous. Green v. State , 2017 Ark. 361, 533 S.W.3d 81. Stewart requested a hearing "to make the court aware of new and mitigating circumstances." The trial court found that it could not consider the request to modify Stewart's sentence because more than sixty days had passed since entry of the mandate affirming Stewart's conviction and sentence. Stewart contends on appeal that the court should have considered the petition under section 16-90-111, that there was no time limitation, and that, if granted a hearing, he would have set out claims of ineffective assistance of counsel during his trial proceedings as "mitigating circumstances."
An appellant may not change the grounds for his or her argument on appeal and is instead limited to the scope and nature of the objections presented at trial.
*474 Stover v. State , 2017 Ark. 66, 511 S.W.3d 333. We have held that even a constitutional argument must be raised to the circuit court and ruled upon in order to preserve the issue for appellate review. Id. Stewart's claims in the petition did not include any issue of ineffective assistance of counsel. Even if Stewart's request that the trial court consider "mitigating circumstances" in order to modify his sentence could be construed broadly enough to encompass claims of ineffective assistance of counsel, Stewart still failed to bring his request in a timely petition that the trial court could have considered.
Section 16-90-111 allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal on its face presents an issue of subject-matter jurisdiction. Latham v. State , 2018 Ark. 44. A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. Id. The time limitations on filing a petition under section 16-90-111 on the ground that the sentence was imposed in an illegal manner, however, are superseded by Arkansas Rule of Criminal Procedure 37.2(c), and if the time for relief under Rule 37.2 has expired, section 16-90-111 provides no relief for claims that a sentence was illegally imposed. Id.
Stewart's allegations in the petition raised no issue of an illegal sentence. He did not question the legality or validity of the sentence in his petition. Stewart appealed his judgment, and this court affirmed. Stewart v. State , 331 Ark. 359, 961 S.W.2d 750 (1998). Under the then-applicable rules for postconviction relief, Stewart was required to bring a claim that his sentence was imposed in an illegal manner in a Rule 37.1 petition filed no later than sixty days after the date the mandate was issued by the appellate court. Ark. R. Crim. P. 37.2(c) (1997). In this case, the mandate issued on March 3, 1998, and Stewart filed his petition to modify the sentence in 2017-more than nineteen years after the mandate issued and well outside the sixty-day period for the relief he sought. Stewart's petition set out no basis for the court to grant the relief he requested, and there was therefore no clear error in the trial court's denial of relief.
Affirmed.
Hart, J., concurs.
Josephine Linker Hart, Justice, concurring.
The circuit court was correct when it determined that it had no jurisdiction to entertain Mr. Stewart's motion to modify his sentence. In his petition to the circuit court, Mr. Stewart failed to allege that his sentence was "illegal." The law in this state is clear that once a valid sentence is placed into execution, the circuit court loses jurisdiction to modify that sentence. Green v. State , 2017 Ark. 361, 533 S.W.3d 81. However, if the sentence imposed is not a valid sentence, Arkansas Code Annotated section 16-90-111 provides the vehicle for an inmate to challenge that sentence. Accordingly, the majority's discussion of procedural bars in this case is unnecessary and untenable.
There is simply no basis for the majority's assertion that Mr. Stewart has changed his argument on appeal. Although Mr. Stewart did not cite section 16-90-111 in his petition, the circuit court obviously understood that was the statute he was proceeding under, and it ruled accordingly.