Samuel JOHNSON a/k/a Samuel KHABEER
*v.* STATE of Arkansas

CR 80-102                                    604 S.W. 2d 927
Supreme Court of Arkansas
Opinion delivered September 15, 1980
Rehearing denied October 20, 1980

*McArthur & Lassiter. P.A.*, Little Rock, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., Little Rock, for appellee.

D<small>ARRELL</small> H<small>ICKMAN</small>, Justice. Samuel Johnson, also known as Samuel Khabeer, was convicted in the Pulaski County Circuit Court of criminal possession of a forgery device, two counts of forgery in the second degree, and eight counts of theft by receiving. He was sentenced to a total of 33 years' imprisonment and, having three prior felony convictions, was ordered to serve that sentence as an habitual offender.

On appeal Johnson argues that his conviction should be reversed for two reasons. First, he stated the trial court erroneously admitted evidence obtained in an illegal search of his residence. Next, he argues that the court was wrong in trying him in his absence. We find no error and affirm the judgment.

On May 2, 1979, an employee of the Union National Bank in Little Rock became suspicious when two checks were cashed on the Barnes Tree Service Company. While a female was cashing the second check, the bank employee called the Barnes Tree Service, learned that checks numbering in sequence 2623 to 2649 had been stolen from Barnes and the check was probably forged. Before the bank employee could act, the female left the bank. The employee followed the woman and obtained the license number of the car that she entered. The Little Rock Police were called and given this information. The police located the car, followed it to the residence of Samuel Johnson, and arrested Johnson when he came back out of the house and got into the car. Johnson and his wife refused consent for a search of their residence. As Johnson was being arrested, a police officer found pieces of a check outside Johnson's house. Pieced together, these pieces formed a check on Barnes Tree Service. The first three numbers on the check were 264.

Johnson was taken to the police station and a search warrant was obtained based on an affidavit of one of the police officers. That affidavit is reproduced as an exhibit to this opinion.

A police officer kept Johnson's residence under surveillance while the search warrant was being obtained. The house was searched that day pursuant to the warrant. It is not disputed that the police were looking for Barnes Tree Service checks, numbered 2623 through 2649, which had been reported stolen. An extensive search was conducted but none of those checks were found. However, the police did discover a virtual bonanza of credit cards, social security cards, and identification cards, which were in the names of other people. A check protector was found belonging to the Keith Smith Company, Inc., of Hot Springs, Arkansas. Johnson was charged with two counts of forgery relating to Barnes Tree Service and numerous other charges based on the seized evidence. He was convicted on all counts.

Most of the documents were found in an attic space which was apparently being renovated to serve as a room. The space was accessible by a stairway. Other documents were found in the garbage.

Johnson's first allegation of error is that there was no probable cause for the search. The search warrant was based on the affidavit appended which shows that there is no question that the police had probable cause in this case to obtain the search warrant. The first three numbers on a Barnes Tree Service check, found outside the Johnson residence, were 264. It had been reported that this check was one of a series of checks which had been stolen from Barnes Tree Service. The bank officials supplied information confirming that two of these checks on Barnes were passed on May 2, 1979, one by a male, one by a female. The bank employee followed the female and obtained the car license number; the police saw Johnson enter that car and apprehended him shortly thereafter.

It is not required that sufficient information to convict a person be available at the time a search warrant is obtained. The only requirement is probable cause to believe that the place to be searched contains evidence of the supposed crime. *Spinelli* v. *United States*, 393 U.S. 410 (1969). We have no doubt such cause existed in this case.

The second argument by Johnson is that the trial judge conducted the trial in his absence. On July 17, 1979, notice was sent that a nonjury trial had been set for September 4, 1979. On the morning of the trial, the judge first called the case, and discovered a pending motion to suppress the evidence. Testimony was taken on the motion; Johnson was present throughout this proceeding with his attorney. At the conclusion of that hearing, the court stated it would recess for ten minutes. When court reconvened, Johnson was not present. Nobody knew of Johnson's whereabouts and Johnson's attorney objected to further proceedings in Johnson's absence. The court announced that after another recess of one hour it would reconvene and proceed with the trial in Johnson's absence.

When the court reconvened, Johnson still was not present. It was at this time that the attorney for Johnson related that earlier in the morning Johnson had indicated his dissatisfaction with the trial judge and asked his counsel to obtain the disqualification of the judge. The judge pointed out that he had specifically asked Johnson if he so objected and Johnson had not. The judge ruled that the trial had "commenced" and that Johnson's case could proceed in his absence.

Johnson argues that since the "trial" had not commenced, the court could not try him *in absentia*, citing the case of *Taylor* v. *United States*, 414 U.S. 17 (1973) as his authority. That argument is based on the right to confront witnesses as guaranteed by the Sixth Amendment to the United States Constitution.

Refined, Johnson's argument is that technically the "trial" had not commenced prior to his departure. He contends that he left after a pretrial hearing but before the actual trial was started.

Ark. Stat. Ann. § 43-2101 (Repl. 1977) provides that when a defendant is on bail and absents himself voluntarily during a trial, the trial may proceed to a verdict in his absence. (Johnson was not sentenced until he was found and brought before the court.)

There is no doubt that in every case, except a capital case, a criminal defendant can waive the right to be present during a trial. *Taylor* v. *United States, supra.* The trial judge found that the trial had commenced, that the defendant had voluntarily absented himself, and that the defendant had waived his right to be present. We cannot say that decision was clearly wrong.

This was a nonjury case which had been set for trial for almost two months. The record begins by stating that on the trial date, "This cause came on to be heard, all parties announcing they were ready." The judge asked the defendant, Samuel Johnson, if he had any objections to the court hearing his case. Johnson said "no." The court asked if the parties wanted the rule; that is, if they wanted the witnesses excluded except when testifying. It was then that the court mentioned that there was a motion to suppress the search warrant and the case proceeded on that issue.

This was not the case of a hearing set specifically for pretrial; the matter was specifically set for trial. We cannot say in this case that the trial court was clearly erroneous in finding that the trial had commenced at the time Johnson voluntarily absented himself.

Affirmed.

STATE'S EXHIBIT NO. 1

IN THE MUNICIPAL COURT OF LITTLE ROCK, ARKANSAS

```
STATE OF ARKANSAS)
                 )  ss
COUNTY OF PULASKI)
```

AFFADAVIT FOR SEARCH AND SEIZURE WARRANT

The undersigned, Detective Rives of the Little Rock Police Department, being duly sworn, deposes and says as follows:

That he, the undersigned, has reasonable cause to beleive

and upon reasonable cause does beleive that a particular residence at 1315 Jones Street, Little Rock, Arkansas, a white frame house, occupied by a black male, Samuel Lee Johnson, 3-19-1940, and Bobbie Fields, a black female, has concealed therein fruits of the crimes of Burglary and Forgery, to-wit; a series of checks belonging to Barnes Tree Service, written on that account at Union National Bank of Little Rock, checks numbered 2623 through 2649, tending to demonstrate the offenses of Burglary and Forgery were committed and the persons who committed it.

FACTS CONSTITUTING REASONABLE CAUSE:

1. On 5-2-79 at 7:15 a.m. Ms. Nel Butler discovered that the Barnes Tree Service at 3501 1/2 Mabelvale Pike, Little Rock, Arkansas was burglarized the previous night, and she reported that checks from the Barnes Tree Service, the Union National Bank account, check numbers 2623-2649 were taken.

2. On 5-2-1979 at approximately 12:30 to 12:45 p.m. Ms. Nancy Alewine who works at Union National Bank, prospect branch, Little Rock, Arkansas cashed a check for a black male on the account of Barnes Tree Service on a Union National Bank account, payable to Michael Jones. The check was for two hundred fifty one dollars and fifty cents, ($251.50).

3. On 5-2-79 at approximately 1:30 p.m. Laurel Hitchens who works at Union National Bank, University Mall branch, cashed a check for a black male, about 6'1", 170 pounds, wearing a blue jean shirt, and blue jeans with a blue hard hat. The check was on the account of Barnes Tree Service number 2633, on the Union National Bank account amounting to $251.50, payable to Michael Jones.

4. Approximately 30 minutes later a black female came to another teller at the University Branch of Union National Bank, Rita Tarver; this check was #2641 on the Union National Bank account of Barnes Tree Service, payable to Sherry A. White amounting to $216.37. Ms. Tarver became suspicious and the

black female left, leaving the check. Ms. Tarver followed her to a car which was driven by a black male. The automobile was a burgundy late model Pontiac, license #HFJ-200.

5. On 5-2-79 at approximately 2:05 p.m., Det. Holladay of the Little Rock Police Department observed a burgundy late model Pontiac, license #HFJ-200. The license listed to a person at 1315 Jones Street, Little Rock, Arkansas, and the Detective saw the vehicle at that location. Det. Holladay watched the house, and several minutes later he observed a black male come out of the residence at 1315 Jones Street, Little Rock, Arkansas, and entered the above descrived vehicle. The suspect was stopped and he was identified as Samuel Lee Johnson, B/M, DOB 3-19-40.

6. Samuel Lee Johnson is a convicted felon, and he is suspected by the Little Rock Police Department as being heavily involved in Forgery.

7. Officers of the Little Rock Police Department placed the residence at 1315 Jones Street, Little Rock, Arkansas under surveillance and arrested a black female identified as Bobbie Fields at the front door of said premises.

8. From the time that the occupants of said residence were arrested until the time that a warrant will be executed, Officers of Little Rock Police Department have impounded the premises and have not allowed anyone to enter.

9. One of the surveillance officers, Det. Blaylock, who is stationed on the front steps of the impounded premises found a check torn in pieces on the steps. That check is on the account of Barnes Tree Service and the first three digits are 264____. Barnes Tree Service lost all of the checks numbered from 2640 through 2649 which were taken in the Burglary.

10. Denise Best of Union National Bank, Prospect Branch, was working 5-2-79 when a B/M cashed the check on Barnes Tree Service payable to Michael Jones for $251.50. She identified Samuel Lee Johnson in a lineup as being the person who cashed that check.

254

11. Samuel Johnson stated to Detectives of the Little Rock Police Department that he and Ms. Fields occupy the above described premises.

12. On 5-2-79 at 4:30 p.m. Laurel Hitchens, a Union National Bank teller at the University Mall Branch, who took check #2633 as described above, identified Samuel Lee Johnson as the person who cashed that check.

THEREFORE, Affiant prays a Search and Seizure Warrant issue for the above mentioned property at 1315 Jones Street, Little Rock, Arkansas, and the above described automobile which has been impounded by Little Rock Police Department

_Det Bill R ius_

AFFIANT

Prepared by:

_Chris Piazza_
Chris Piazza
Deputy Prosecuting Attorney

SUBSCRIBED AND SWORN TO before me on this 2nd Day of May, 1979 at _#21 Sherrill Heights_

LOCATION

_Paul Holt_

MUNICIPAL JUDGE

I find there is reasonable cause to issue a Search and Seizure Warrant for the property described herein at the above described premises.

_Paul Holt_

MUNICIPAL JUDGE