James LOWERY *v.* STATE of Arkansas

CR 88-53                                    759 S.W.2d 545

Supreme Court of Arkansas
Opinion delivered November 7, 1988

*Frank J. Gamble III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This is an appeal from the denial of a motion to correct an illegal sentence under Ark. Code Ann. § 16-90-111 (1987). When appellant was sentenced on a plea of guilty to theft of services, he was fined $500 and costs and given a five year suspended sentence conditioned on good behavior and making restitution in the amount of $1,020.44. Appellant was given sixty days to pay the fine, costs and restitution.

About five weeks later, on August 23, 1983, appellant was incarcerated in the Department of Correction as the result of other charges. Some ten months later, having failed to make restitution or pay the fine and costs, appellant was brought before the trial court on June 25, 1984, for a hearing to revoke the five year suspended sentence mentioned above. The trial court informed the appellant that he would allow an additional thirty days to make restitution and sixty days to pay the fine and costs, but if appellant failed to perform, then the suspended sentence would be revoked "without further proceedings." Pursuant to that announcement the trial court on September 4, 1984, entered an order revoking the suspended sentence and sentenced appellant to three years, ten months and fifteen days to be served consecutively to any sentence then being served. Neither the appellant nor his attorney was present on September 4, when this sentence was imposed.

Appellant filed various motions after the September 4 sentence. The last motion prior to that now being appealed was affirmed on appeal by this court in a per curiam order on September 28, 1987. Thereafter, appellant filed a petition to correct an illegal sentence, pursuant to § 16-90-111 (1987). Relief was denied and appellant brings this appeal.

■ Appellant first contends that sentencing is a critical stage of a criminal case, *Mempha* v. *Ray*, 389 U.S. 128 (1967); *see also*, 21 Am. Jur. 2d *Criminal Law* § 529 (1981), and that he has a constitutional right to be present at any stage of the criminal proceeding that is critical to its outcome, *Kentucky* v. *Stincer*, ___ U.S. ___, 107 S. Ct. 2658 (1987). We agree with those statements of the law. Arkansas has always required the defendant's presence at sentencing for a felony. See *Cole* v. *State*, 10 Ark. 318

(1849); *Sneed* v. *State*, 5 Ark. 431 (1843). See also Ark. Code Ann. § 16-90-106 (1987). The presence of the defendant is required at resentencing as well. *Paul* v. *United States*, 734 F.2d 1064 (5th Cir. 1984).

The state does not dispute the fact that appellant was not present on September 4 when he was sentenced, but maintains that because he did not object when the court advised that sentence would be imposed "without further proceedings," then he waived any objection. We disagree. The state does not contend the trial court made it clear by those words that he intended to sentence the appellant in absentia, and we are unwilling to hold that the fundamental right to be present at sentencing was knowingly waived in the absence of language specifically advising an accused that he is subject to being sentenced prospectively without his being present. Even if we could agree that appellant should have objected, the nature of the remedy provided by § 16-90-111 (1987) is not dependent upon a prior objection. The statute contains a post-conviction remedy, narrowly defined, for the correction of an illegal sentence. The legislature obviously chose to provide a safeguard for persons aggrieved in this manner that goes beyond the review provided by appeal or even by an A.R.Cr.P.Rule 37 petition. See *Williams* v. *State*, 291 Ark. 255, 724 S.W.2d 158 (1987). If an objection were required, it would in many cases preclude the availability of the remedy and greatly reduce the effect the statute was intended to have.

Reversed and remanded.