James Earl NEAL v. STATE of Arkansas

CR 88-208                                    769 S.W.2d 414

Supreme Court of Arkansas
Opinion delivered May 8, 1989

566

*Clinton Keith Jones, Jr.,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Kay J. Jackson Demailly,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. James Neal was found guilty of rape and sentenced to life. He argues on appeal that the trial court erred by mechanically accepting the jury's recommendation of a life term absent any exercise of discretion and that certain evidence should not have been admitted following a break in the chain of custody. We have reviewed these arguments as well as all objections of record decided adversely to appellant. Rule 11(f) of the Rules of the Supreme Court; Ark. Code Ann. § 16-91-113 (1987). Finding no error, we affirm.

There was no objection to the sentence at the time of pronouncement, and our rule on matters raised for the first time on appeal is well settled; we will not consider them. *Addison v. State,* 298 Ark. 1, 765 S.W.2d 566 (1989).

The record shows that blood samples taken from Neal after the rape incident were drawn at a hospital by a nurse who labeled and initialed the samples and gave them to a police detective. The officer stored the samples in a refrigerator at the police station. They were later sent to the State Crime Lab, returned to the station, and then stored until trial.

Neal's objection to the chain of custody is that the

refrigerator was not kept locked and was used to store lunches and snacks, thus allowing for the possibility of contamination or tampering. He correctly points out that when an object is subject to positive identification, proof of the chain of custody need not be as conclusive as it should be with respect to interchangeable items, such as the blood samples involved here.

■■ In *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986), we explained that the purpose of establishing a chain of custody is to prevent the introduction of evidence which is not authentic and that minor discrepancies in the chain of custody are for the trial court to weigh. Citing *Munnerlyn* v. *State*, 264 Ark. 928, 576 S.W.2d 714 (1979), we said:

> To allow introduction of physical evidence, it is not necessary that every moment from the time the evidence comes into the possession of a law enforcement agency until it is introduced at trial be accounted for by every person who could have conceivably come in contact with the evidence during that period. Nor is it necessary that every possibility of tampering be eliminated; it is only necessary that the trial judge, in his discretion, be satisfied that the evidence presented is genuine and, in reasonable probability, has not been tampered with.

Absent evidence of tampering, the trial judge is accorded some discretion in such matters, and we will not reverse the trial judge's ruling unless we find an abuse of discretion. *Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1984).

■ The trial judge determined that the integrity and authenticity of the evidence had been sufficiently established. We agree and note that the refrigerator was in the station's interview room which *was* kept locked. Neal's concern that the samples were stored in an area accessible to officers not working on the case is understandable, but we cannot say that the trial judge abused his discretion in admitting the evidence.

■ We have reviewed the testimony of the victim and that of the State's other witnesses. The victim described the rape incident in detail and identified Neal as the rapist. Suffice it to say that the evidence was clearly sufficient to support the jury's verdict.

Affirmed.