Reginald REECE *v.* STATE of Arkansas

CR 96-81                                         928 S.W.2d 334

Supreme Court of Arkansas
Opinion delivered September 16, 1996

*Keil & Goodson*, by: *John C. Goodson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant, Reginald

Reece, was convicted of robbery and sentenced as an habitual offender to forty years' imprisonment. He raises two points on appeal, neither of which has merit. We affirm the trial court.

The State adduced the following proof at trial. Ramona Johnson, a security guard at the Wal-Mart store on State Line Road in Texarkana, followed the appellant into the store when it opened on December 10, 1994. She recognized the appellant because she had caught him shoplifting cigarettes earlier in July and had banned him from the premises.

Once inside, Johnson followed appellant and observed him stuff two cartons of Marlboro cigarettes down his pants. When appellant passed the checkout counter and attempted to walk out the door, Johnson stopped and confronted him. Initially, appellant denied having any cigarettes on his person, but later admitted to having them, explaining that he had brought the cartons from home. Johnson then took appellant's arm and escorted him to the service desk. After appellant pushed Johnson in the chest, other Wal-Mart employees gathered and ushered him to a back room pursuant to the store's customary practice. Appellant cursed and fought with them along the way, grabbing one employee's necktie. Once in the back room, the appellant challenged one to a fight. The employees held appellant until officers arrived. In his statement to police, appellant admitted that he went into the store with the intention of stealing the cigarettes, but denied using any force during the incident.

■ Appellant first argues that his sentence of forty years' imprisonment under the facts in his case constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution. We cannot reach this issue because appellant made no objection at the time his sentence was imposed. *See Fellows v. State*, 309 Ark. 545, 832 S.W.2d 847 (1992). We have repeatedly held that, where the record reflects a total absence of any objections after the jury's findings and sentencing are read by the court, we will not consider issues of such nature raised for the first time on appeal. *Id.*; *Williams v. State*, 303 Ark. 193, 794 S.W.2d 618 (1990); *Edwards v. State*, 300 Ark. 4, 775 S.W.2d 900 (1989); *Neal v. State*, 298 Ark. 565, 769 S.W.2d 414 (1989); *Withers v. State*, 308 Ark. 507, 825 S.W.2d 819 (1992). While appellant did file a motion for new trial, he did not raise this constitutional argument in his motion. Even constitutional arguments not raised before the trial

court will not be considered by this court on appeal. *Moore v. State,* 323 Ark. 529, 915 S.W.2d 284 (1996). Appellant's second allegation of error is that the trial court erred in proceeding with his trial when he was absent from the courtroom. On the first day of appellant's jury trial, both sides announced they were ready to proceed, and a jury was selected and impaneled. On the second day of trial, appellant, who was on bail, did not appear. His attorney stated for the record that appellant was aware that he was to reappear at 9:00 a.m. When the attorney requested a continuance, the trial judge inquired whether he could demonstrate that appellant would likely appear within some reasonable time. After appellant's attorney stated that he could not give this reassurance, the trial court refused to grant a continuance. Appellant appeared at the trial some two hours late and after several of the State's witnesses had testified. He apologized and stated that he had overslept. Appellant acknowledged that he understood that it was his responsibility to timely attend his trial.

■ It is true that a criminal defendant possesses the privilege of being present in person and by counsel whenever any substantial step is taken in his case. *Bell v. State,* 296 Ark. 458, 757 S.W.2d 937 (1988); *Whittaker v. State,* 173 Ark. 1172, 293 S.W. 397 (1927). Arkansas Code Annotated § 16-89-103 (a)(1) (1987) further provides that, "If the indictment is for a felony, the defendant must be present during the trial." However, section 16-89-103(a)(2) provides:

> If [the defendant] escapes from custody after the trial has commenced or, *if on bail, shall absent himself during the trial, the trial may either be stopped or progress to a verdict, at the discretion of the prosecuting attorney.* However, judgment shall not be rendered until the presence of the defendant is obtained.

(Emphasis added.) Pursuant to this provision, we have held that where the defendant is on bail and absents himself, the trial may proceed. *Lee v. State,* 56 Ark. 4, 19 S.W. 16 (1892); *Cox v. City of Jonesboro,* 112 Ark. 96, 164 S.W. 767 (1914). This rule applies once trial has commenced, and does not apply to flight before trial. This distinction between flight before and after trial is indeed a rational one. Commencement of trial marks the point at which the costs of delaying the proceedings are likely to increase and helps to assure that any waiver of presence after that is knowing and voluntary. *See*

*Crosby* v. *United States*, 506 U.S. 255 (1993) (discussing Fed. R. Crim. P. 43). This provision also deprives a defendant of the option of terminating his trial if it appears that he will receive a guilty verdict. *Id.*

In *Johnson* v. *State*, 270 Ark. 247, 604 S.W.2d 927 (1980), *cert. denied* 450 U.S. 981 (1981), on the day of trial, the trial court held a suppression hearing in Johnson's case. Johnson was present for the hearing. After the hearing, the trial court announced a ten-minute recess. When court reconvened, Johnson was absent. Following a one-hour recess, the court reconvened again, and Johnson was still absent. Efforts to contact him at his residence were unsuccessful. The trial court ruled that Johnson's trial had commenced and that the trial could proceed in his absence. We affirmed the trial court on the basis that Johnson had voluntarily absented himself from trial and had waived his right to be present.

■ As in *Johnson*, the appellant's trial had indeed commenced when he became voluntarily absent. A jury had been selected and sworn, and both sides had announced that they were ready for trial. Under these circumstances, we cannot say that the trial court erred in allowing appellant's trial to proceed.

Affirmed.