John P. PARRISH *v.* STATE of Arkansas

CA CR 98-659                                    984 S.W.2d 460

Court of Appeals of Arkansas
Division III
Opinion delivered January 27, 1999

*Robert N. Jeffrey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellant.

M ARGARET MEADS, Judge. Appellant appeals from an order revoking his probation and sentencing him to serve ten years in the Arkansas Department of Correction. He argues that the trial court erred in conducting the revocation hearing without his presence.

On December 7, 1992, appellant pleaded guilty to theft of property and was sentenced to five years' probation. On April 8, 1997, appellant pleaded guilty to violating his probation, and his probation was extended for the period of one year. Subsequently, on February 2, 1998, appellant was issued a summons to appear on February 10, 1998, to answer charges that he violated his probation by failing to report on December 4 and 10, 1997, and on January 28, 1998, and by confessing to the use of methamphetamine and marijuana. On February 5, 1998, the charges were amended to include that appellant violated his probation by being arrested on January 30, 1998, for manufacturing a controlled substance (methamphetamine).

The record reflects that a revocation hearing was held on February 10, 1998, as scheduled and that appellant appeared but left the courtroom before the hearing began. Prior to testimony being taken, appellant's probation officer notified the court that appellant had departed. The following exchange then took place.

> DEPUTY SHERIFF: We've checked all exit doors and bathrooms and every office in the courthouse and he's nowhere to be found.

> MR. JEFFREY (*counsel for appellant*): Judge, I talked to him downstairs before court began and there was a plea offer from the State and he was sitting with a lady and he said, "Can I talk to my mother?" And I just assumed that was his mother and I said okay and I came back up here. Now, I don't know if he thought he could go home and talk to her. But I did not tell him to leave. Let me make one more search, if I could.

The court took a short recess and when the proceedings resumed found that appellant had willfully and intentionally fled; that he knew the proceedings were scheduled; that he was present and left; that he had every opportunity to be present and defend against the revocation; and that under the circumstances he had waived his right to be present. The hearing proceeded, over counsel's objection without appellant's presence, and the court found appellant had violated the conditions of his probation.

On appeal, appellant argues that the trial court erred in conducting the hearing without his presence. Appellant relies on *Lowery v. State*, 297 Ark. 47, 759 S.W.2d 545 (1988), in support

of this argument. We think that case is distinguishable on its facts. In that case the appellant was brought before the court for a hearing to revoke a five-year suspended sentence, and the court informed appellant that he had an additional thirty days to make restitution and sixty days to pay the fine and costs, but that if he failed to do so his suspended sentence would be revoked without further proceedings. Subsequently the court entered an order revoking the suspended sentence and sentencing appellant to three years, ten months, and fifteen days. Neither appellant nor his attorney were present. To the contrary, in the instant case, a preliminary hearing was held on January 13, 1998, at which time the trial court notified appellant that Robert Jeffrey was appointed to represent him and that a revocation proceeding would be held on February 10 at 9:30 a.m. The court wrote it down for appellant and told him to be back on that date. Appellant's attorney appeared on that date, and appellant does not deny that he also appeared in the courtroom and then voluntarily left before the revocation hearing began.

■ Sentencing is a critical stage of a criminal case, and the defendant has a constitutional right to be present at any stage of the criminal proceeding that is critical to its outcome. *Lowery, supra.* The defendant's presence is required at sentencing and resentencing. *Id.* Every reasonable presumption must be indulged against the waiver of fundamental constitutional rights. *Franklin and Reid v. State,* 251 Ark. 223, 471 S.W.2d 760 (1971).

■ ■ The concept of waiver has been discussed by our appellate courts in relation to other fundamental rights. The Arkansas Rules of Criminal Procedure are explicit in what must be done for a defendant to waive a jury trial in order to ensure that she has knowingly, intelligently, and voluntarily waived her constitutional right to a trial by jury. *McCoy v. State,* 60 Ark. App. 306, 962 S.W.2d 822 (1998). The right to counsel may be waived, but the waiver must be made knowingly, voluntarily, and intelligently. *Smith v. State,* 329 Ark. 238, 947 S.W.2d 373 (1997). In *Bogard v. State,* 311 Ark. 412, 414, 844 S.W.2d 347, 349 (1998), our supreme court stated:

> Statements made to law enforcement officers during custodial interrogations are admissible only after the state establishes that a

defendant voluntarily, knowingly, and intelligently waived his right to counsel. At issue in the case before us is not whether Bogard's statements or waiver were involuntarily made, that is, coerced in some form or fashion, but rather whether the waiver was given without full comprehension of the nature of the right abandoned and the consequences of that abandonment. Whether the defendant knowingly and intelligently waived his rights must be determined by the totality of the circumstances. Our standard of review is whether the circuit court's finding that the waiver of rights was knowingly and intelligently made was clearly against the preponderance of the evidence. [Citations omitted.]

■ The issue of a defendant's voluntary absence from trial was discussed in *Taylor v. United States*, 414 U.S. 17 (1973). In that case the appellant failed to return for the afternoon session on the first day of his trial on four counts of selling cocaine. On appeal to the United States Supreme Court, appellant insisted that his mere voluntary absence from his trial cannot be construed as an effective waiver, that is, "an intentional relinquishment or abandonment of a known right or privilege," 414 U.S. at 19, unless it was demonstrated that he knew or had been expressly warned not only that he had a right to be present but also that trial could continue in his absence and effectively foreclose his right to testify and to confront the witnesses against him. The Supreme Court did not agree, stating:

Petitioner had no right to interrupt the trial by his voluntary absence . . . . The right at issue is the right to be present, and the question becomes whether that right was effectively waived by his voluntary absence. . . . [W]e conclude that it was.

It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, "that a defendant who flees from a courtroom in the midst of a trial — where judge, jury, witnesses and lawyers are present and ready to continue — would not know that as a consequence the trial could continue in his absence." . . . Moreover, no issue of the voluntariness of his disappearance was ever raised. As was recently noted, "there can be no doubt whatever that the governmental

prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward." [Citations omitted.]

414 U.S. at 20.

Here, appellant was given notice and an opportunity to be heard in person. By his flight on the morning of the hearing he waived his right to be present, and the trial court did not err in conducting the revocation hearing in appellant's absence.

Affirmed.

ROBBINS, C.J., and BIRD, J., agree.