Cite as 2021 Ark. App. 333

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR–20–569

| | | |
|---|---|---|
| RUDNICK D. WILSON | | **Opinion Delivered** September 15, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION [NO. 60CR-17-3152] |
| V. | | |
| | | HONORABLE LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Rudnick Wilson appeals a judgment from the Pulaski County Circuit Court sentencing him to seventy-five years in the Arkansas Department of Correction. His sole argument on appeal is that the circuit court abused its discretion in continuing the second day of his sentencing hearing in his absence. We find no error and affirm.

Wilson was charged with three counts of unlawful discharge of a firearm from a vehicle, three counts of first-degree battery, and one count of being a felon in possession of a firearm; the State also sought enhancements for Wilson's prior felony convictions and for his use of a firearm in the commission of a felony.[1] Wilson was scheduled to go to jury trial in September 2018.

On the morning of trial—and after the State and defense counsel conducted voir dire— Wilson entered guilty pleas to the unlawful-discharge and battery charges as well as the firearm

---

[1]The felon-in-possession charge was severed before trial; after Wilson's guilty plea and sentencing, the State nolle prossed that charge.

and felony enhancements. He then exercised his option to be sentenced by the jury, and the jury was sworn and began hearing testimony relating to sentencing. At the end of the first day of testimony, the State asked to finish questioning its witnesses the following morning. The court agreed and recessed the sentencing hearing until 9:30 the next morning.

When the hearing resumed the next morning, Wilson failed to return to court. The court had the bailiff sound the hall; sheriff's deputies were dispatched; and Wilson's counsel tried to contact family members in order to find him, all to no avail. The court and the parties agreed to delay the proceedings so that both sides could do some research on how to proceed, and in the interim, the court issued an arrest warrant for Wilson.

After the delay expired, Wilson still had not returned to the courtroom, and the court announced that it would proceed in absentia with the remainder of the sentencing portion of the trial. Defense counsel objected that doing so would prejudice Wilson's right to trial and his right to testify. The State responded that it was entitled to proceed because Wilson had voluntarily absconded. The court agreed with the State, overruled defense counsel's objection, and allowed the sentencing witnesses to proceed with their testimony. At the conclusion of the sentencing portion of the trial, the jury deliberated and returned with an aggregate sentence of seventy-five years' imprisonment.[2]

In his sole argument on appeal, Wilson argues that the circuit court abused its discretion in allowing his sentencing to proceed after he failed to appear for the second day of the hearing.[3]

---

[2]Wilson finally appeared before the court on February 27, 2020, to be formally sentenced. The circuit court entered its sentencing order on March 10, 2020, and Wilson filed a timely notice of appeal.

[3]Generally, a defendant has no right to appeal from a plea of guilty except in limited circumstances. As is relevant here, a defendant may appeal from a guilty plea "when the assignment of error is from a sentence or sentencing procedure that was not an integral part of

He contends that the decision of the court amounted to an abuse of discretion because it deprived him of any future opportunity to testify in his defense. Had he been able to do, he urges, he "might have persuaded the jurors to impose a more lenient sentence of imprisonment on him than seventy-five years."

We find no merit in Wilson's argument. Arkansas Code Annotated section 16-89-103 (Repl. 2005) gives a circuit court the discretion to proceed in a defendant's absence in certain circumstances:

> (a)(1) If the indictment is for a felony, the defendant must be present during the trial.
>
> (2)(A)(i) If he or she escapes from custody after the trial has commenced or is *present at the beginning of the trial and then* causes himself or herself to be unable to appear at trial or if on bail *shall absent himself or herself during the trial, the trial may* either be stopped or *progress to a verdict at the discretion of the court.*
> . . . .
>
> (B) However, judgment shall not be rendered until the presence of the defendant is obtained.

(Emphasis added.) The plain language of the statute thus places it squarely within the circuit court's discretion to continue the trial of a defendant in absentia if the defendant is present at the beginning of trial but afterward fails to appear.[4]

Moreover, our supreme court addressed this statute in *Reece v. State*, 325 Ark. 465, 467, 928 S.W.2d 334, 336 (1996), holding that when a defendant's trial has commenced and the

---

the acceptance of the plea." *Harris v. State*, 2021 Ark. App. 17, at 2 (citing *Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645).

[4]Although the statute does not expressly refer to the sentencing phase of a trial, Wilson concedes—and the State agrees—that a sentencing proceeding is sufficiently similar to a trial for the statute to control. *See, e.g.*, *Parrish v. State*, 65 Ark. App. 66, 69, 984 S.W.2d 460, 462 (1999) ("Sentencing is a critical stage of a criminal case, and the defendant has a constitutional right to be present at any stage of the criminal proceeding that is critical to its outcome. The defendant's presence is required at sentencing and resentencing.") (citing *Lowery v. State*, 297 Ark. 47, 759 S.W.2d 545 (1988)).

defendant absents himself, the trial may proceed in absentia. When a defendant has notice and an opportunity to be heard in person but he or she flees or otherwise fails to attend the criminal proceeding, he or she waives his right to be present, and the circuit court does not err in conducting the proceedings in the defendant's absence. *See Parrish v. State*, 65 Ark. App. 66, 71, 984 S.W.2d 460, 463 (1999).

Here, Wilson was present for the first day of his sentencing trial, and he was present when the court announced that the proceedings would "take a break for today and come back tomorrow." He therefore had notice that his sentencing would continue the next day. Nonetheless, he voluntarily failed to return for the remainder of the proceedings the next morning. Wilson had "no right to interrupt the trial by his voluntary absence." *Ridling v. State*, 348 Ark. 213, 228, 72 S.W.3d 466, 475 (2002) (quoting *Taylor v. United States*, 414 U.S. 17, 20 (1973)). Given the circumstances, we cannot say that the circuit court abused its discretion in continuing the sentencing hearing in Wilson's absence.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.