Cite as 2024 Ark. App. 474

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR-23-746

| | |
|---|---|
| JEREMY CLAY THOMPSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 9, 2024<br><br>APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[No. 63CR-22-637]<br><br>HONORABLE BRENT DILLON<br>HOUSTON, JUDGE<br><br>AFFIRMED |

**BRANDON J. HARRISON, Chief Judge**

During a break in jury selection at Jeremy Thompson's May 2022 trial for felony drug possession, Thompson's appointed counsel, Paul Gann, relayed Thompson's request to continue the trial so he could retain private counsel. The court denied the motion. The parties picked a jury. The court took a short recess before the jury was sworn.

The jury returned from the recess.

Thompson did not.

The court swore the jurors and recessed early for a long lunch. It instructed Gann to contact Thompson and find out where he had gone. Gann informed the court of a statute that allows the court to try a noncapital felony case to verdict in a defendant's absence if the defendant "escapes from custody after the trial has commenced or is present at the beginning of the trial and then causes himself or herself to be unable to appear at trial or if

on bail shall absent himself or herself during the trial[.]" Ark. Code Ann. § 16-89-103(a)(2)(A)(i) (Repl. 2005).

Try him they did.

After lunch, the court told the jury that Thompson had "voluntarily absented himself" and, the trial having commenced, it would continue in his absence. After both sides made opening statements, Gann moved for mistrial. He argued, in part, that Thompson would be denied his confrontation rights under the Sixth Amendment to the United States Constitution. He did not argue, as Thompson does on appeal, that the trial had not yet "commenced" under section 103(a)(2)(A)(i) when Thompson absconded. Either way, it was too late to move for mistrial on those grounds: Gann did not object before, or promptly after, the circuit court's earlier ruling that trial would go forward.[1] So we do not address Thompson's argument that the court erred in substance.

Next, Thompson argues the circuit court skipped necessary procedural steps before giving a nonmodel instruction that the jury could consider "evidence that Jeremy Thompson fled to avoid arrest or trial . . . as a circumstance in corroboration of evidence tending to establish" his guilt. If Thompson made that argument below, it is not in the record. The colloquy it hints at, which might illuminate the court's decision to give the instruction, is not in the record either.

---

[1]*E.g.*, *Stockstill v. State*, 2017 Ark. App. 29, 511 S.W.3d 889. We emphasize that (1) Thompson had notice of the trial; (2) he was initially present; (3) he had counsel to speak in his absence; and (4) he objected (through counsel) based on material facts that were all available to his counsel when the court ruled. If it had come to light later that misadventure had kept Thompson from returning to the courtroom or communicating his plight to counsel, we'd have a different case.

Too little, too late.

The party who asserts the circuit court erred has the burden to produce a record that is sufficient to demonstrate reversible error. *E.g.*, *Rawlins v. State*, 2024 Ark. App. 83, 684 S.W.3d 602. That includes showing either that the error was preserved for appeal or that, in the circumstances, it can nonetheless be raised. *See, e.g.*, *Hoover v. State*, 2022 Ark. App. 188, 643 S.W.3d 891. Thompson has not done that on his jury-instruction point, so we must affirm, though we will say in closing that the issue does not strike us as particularly concerning in context.

Affirmed.

GRUBER and THYER, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.