Cite as 2026 Ark. App. 320

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR–25–349

| | |
|---|---|
| JEREMY CLAY THOMPSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** May 20, 2026<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT<br>[NO. 63CR-22-637]<br><br>HONORABLE BRENT DILLON HOUSTON, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Jeremy Clay Thompson returns to this court with an appeal of the Saline County Circuit Court's order denying his Rule 37 petition. We affirmed his conviction on direct appeal in *Thompson v. State*, 2024 Ark. App. 474, 699 S.W.3d 178. We set out the facts in more detail there. Briefly, Thompson's jury trial was set to begin the morning of 10 May 2023. Thompson was present as the court drew names for twelve prospective jurors. Before voir dire began, Thompson's appointed lawyer moved for a continuance at his request to retain private counsel. The circuit court said no. Thompson stayed through jury selection but left the courthouse during a brief recess before the picked jury was sworn. He could not be found or haled back. The trial "progress[ed] to a verdict" in his absence. Ark. Code Ann. § 16-89-103(a)(2)(A)(i) (Repl. 2005). The jury returned a guilty verdict and recommended sentence the same day, but the court did not impose sentence until May 18. We held that Thompson had not preserved his arguments for direct appeal.

Thompson filed a Rule 37 petition alleging his trial counsel provided ineffective assistance in two respects. He renews both arguments on appeal. The circuit court denied the petition without a hearing; we affirm.

Arkansas Rule of Criminal Procedure 37.3(a) states that

> [i]f the petition [for postconviction relief] and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings.

If the court concludes from that paper record that a petitioner is entitled to no relief, no evidentiary hearing is needed. *Mancia v. State*, 2015 Ark. 115, 459 S.W.3d 259. But it must provide sufficient written findings to illustrate that the petitioner's claims are meritless. Ark. R. Crim. P. 37.3(a). We review the decision to deny postconviction relief for clear error. *Mancia*, *supra*.

Thompson argues counsel should have objected to holding the trial without him because the jury had not been sworn, so jeopardy had not yet attached. *See Crist v. Bretz*, 437 U.S. 28 (1978). He concludes that, as a result, the circuit court did not yet have discretion under section 103(a)(2)(A) to proceed with trial. He argues the circuit court then violated section 103(a)(2)(B) by rendering judgment in his absence.

Under this statute, unless the death penalty is sought:

> (a)(1) If the indictment is for a felony, the defendant must be present during the trial.

> > (2)(A)(i) If he or she escapes from custody after the trial has commenced or is present at the beginning of the trial and then causes himself or herself to be unable to appear at trial or if on bail shall absent himself or herself during the trial, the trial may either be stopped or progress to a verdict at the discretion of the court.

2

. . . .

     (B) However, judgment shall not be rendered until the presence of the defendant is obtained.

Ark. Code Ann. § 16-89-103.

The foundation for Thompson's first argument is his assumption that, in a jury trial, "trial has [not] commenced" and the "beginning of the trial" has not occurred under section 103(a)(2)(A)(i) until the jury is sworn—the point when jeopardy attaches under the Fifth Amendment. *Martinez v. Illinois*, 572 U.S. 833, 839 (2014). But double jeopardy is just one constitutional right in play at a criminal trial. Other rights related to a defendant's presence attach sooner. Indeed, the Supreme Court of the United States has held that "[f]or every purpose . . . involved in the requirement that the defendant shall be personally present at the trial, where the indictment is for a felony, the trial commences at least from the time *when the work of impaneling the jury begins*." *Hopt v. Utah*, 110 U.S. 574, 578 (1884) (emphasis added).

The statute is addressed to a defendant's right to be personally present. If the point a jury trial commences under section 103(a)(2)(A)(i) is a question of law, the answer is in *Hopt*, not the double-jeopardy cases: trial commences when the work of impaneling the jury begins. That would be curtains for Thompson's first point on appeal. Except for the jurors' oath, the work of impaneling the jury was done before he left the courtroom.

If "commencement" is a fact question instead, the analysis is different, but the result is the same. In *Johnson v. State*, 270 Ark. 247, 604 S.W.2d 927 (1980), our supreme court rejected a virtually identical argument under this statute, then codified as Ark. Stat. § 43-2101 (Repl. 1977). The court treated it as asking whether, on that record, the defendant's

departure was a voluntary waiver of the right to be present. He had crawfished during a recess between a suppression hearing in his case and his scheduled bench trial. Reviewing for clear error in a direct appeal, the supreme court affirmed the circuit court's finding that "the trial had commenced at the time [the defendant] voluntarily absented himself." *Id.* at 251, 604 S.W.2d at 939. It emphasized that the matter "was specifically set for trial[,]" not a pretrial hearing, and had been set for months. *Id.* at 250–51, 604 S.W.2d at 928–29. The court noted that the defendant had expressed to counsel the morning of the trial that he was not satisfied with the judge and asked counsel to get him disqualified. *Id.* at 250, 604 S.W.2d at 929. Later decisions from both appellate courts have also treated this like a fact question about waiver. *Reece v. State*, 325 Ark. 465, 928 S.W.2d 334 (1996); *Parrish v. State*, 65 Ark. App. 66, 984 S.W.2d 460 (1999); *see also Ridling v. State*, 348 Ark. 213, 72 S.W.3d 466 (2002).

On these facts, the result is the same. Thompson's 10 May 2023 jury trial had been set since 19 December 2022. He signed the order that set it. He showed up that day and pressed to postpone the trial so he could retain private counsel. The circuit court said no and picked a jury. Before the fateful recess, the court told the parties, "Once we come back from the break, we will swear the jury. I'll give the opening instruction and we'll commence." The court asked if all would be ready. Thompson's counsel and the prosecutor said yes. The train was leaving the station, destination: verdict. Thompson decided to stay on the platform and wave (and waive) it goodbye. The circuit court did not clearly err by finding Thompson's trial had already commenced under section 103(a)(2)(A)(i) by then.

4

Thompson's argument that the circuit court violated the requirement that "judgment shall not be rendered until the presence of the defendant is obtained[,]" Ark. Code Ann. § 16-89-103(a)(2)(B), requires even less discussion. After the jury that had convicted Thompson returned its recommended sentence on May 10, the circuit court thanked and dismissed the jurors and adjourned. It did not pronounce sentence. And even if it had, the sentence could be modified until the judgment was filed. *Bradford v. State*, 351 Ark. 394, 401–02, 94 S.W.3d 904, 909 (2003). Thompson was arrested on a failure-to-appear warrant May 16. He was present at his sentencing on May 18; the sentencing order was filed the same day. Judgment was not "rendered" under section 103(a)(2)(b) until then.

The circuit court did what section 16-89-103 required. Both arguments Thompson contends counsel should have made are meritless. Failure to make a meritless argument is not ineffective assistance. *Krieger v. State*, 2025 Ark. App. 147, 708 S.W.3d 817.

Affirmed.

ABRAMSON and VIRDEN, JJ., agree.

*Jeremy Thompson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.

5